UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

SILTRONIC CORPORATION,
a Delaware Corporation,

        Plaintiff,

v.

EMPLOYERS INSURANCE COMPANY OF
WAUSAU, a Wisconsin Corporation;
GRANITE STATE INSURANCECOMPANY,
a Pennsylvania Corporation; CENTURY
INDEMNITY COMPANY, a Pennsylvania
Corporation; and FIREMAN'S FUND
INSURANCE COMPANY, a California
Corporation,

        Defendants.

Case No. 3:11-cv-1493-ST

OPINION AND ORDER

STEWART, Magistrate Judge:

      When denying the motion for partial summary judgment filed by Siltronic Corporation ("Siltronic"), this court ruled that defendant Employers Insurance Company of Wausau ("Wausau") has no continuing duty to defend the six policies at issue "assuming [Wausau] has paid $6 million in indemnity costs incurred by Siltronic pursuant to DEQ's and EPA's Orders and Agreements" to remediate pollution at the Portland Harbor Superfund Site. Based on the record before it, this court made no determination as to whether Wausau had in fact made more than $6 million in indemnity payments pursuant to such Orders and Agreements.

1 – OPINION AND ORDER

Siltronic then served Interrogatory No. 3 asking Wausau to identify "what letter(s), requests(s), order(s), agreement(s), settlement(s) or judgment(s) prompted Wausau to make each such [indemnity] payment(s) . . ." (docket # 69). In its Supplemental Response, Wausau answered in part as follows:

> Siltronic has admitted it was legally obligated to pay damages pursuant to applicable law. Siltronic's legal obligations to pay damages under applicable law were tendered to Wausau by Siltronic for payment. Wausau made these payments at Siltronic's request in reliance on Siltronic's representations that the payments demanded were legal obligations to pay damages pursuant to applicable law. As noted in the Court Order Dkt 62 page 18 "Consequently by paying Siltronic's undisputed liability to third parties, Wausau has been paying indemnity costs in response to "judgments or settlements" as those terms are used in the policies."

Wausau also has provided Siltronic with a process payment report which specifically identifies each invoice submitted to Wausau, the amount paid by Wausau and whether Wausau characterized the payment as either as a defense or indemnity payment. Moore Decl., ¶ 8. Finding this response to be inadequate, Siltronic has filed a motion to compel Wausau to connect each indemnity payment to specific DEQ and EPA Orders and Agreements (docket # 69).

Siltronic is correct that only payments made by Wausau pursuant to DEQ or EPA Orders and Agreements constitute "judgments and settlements" for purpose of the Wausau policies. However, Siltronic is disingenuous when it asserts that it has no independent way of knowing how and when Wausau decided to pay what sums pursuant to what DEQ or EPA Orders and Agreements. Wausau made indemnity payments based upon Siltronic's submission of invoices for environmental response costs incurred in connection with the remediation. *Id*, ¶ 6. Siltronic hired the consultants, attorneys and contractors whose invoices were submitted to Wausau for payment. *Id,* ¶¶ 4, 6. Wausau neither required Siltronic to demonstrate that each invoice was for environmental remediation costs Siltronic was legally obligated to pay nor assigned each

2 – OPINION AND ORDER

reimbursement request to a particular government directive or request. *Id,* ¶ 6.  Instead, Wausau assumed that Siltronic was acting in good faith and submitting remediation invoices for expenses that Siltronic was legally obligated to pay. *Id.*

By submitting invoices to Wausau for payment, Siltronic presumably knows what its consultants, attorneys and contractors were doing, why it was necessary for them to do it, and precisely what expenses Wausau paid.  Since Siltronic has conceded that it was legally obligated to pay these expenses, it also knows the source of that obligation.  Thus, Wausau had no reason to tie each of its payments to a specific governmental demand.  To do so now would be both unreasonably burdensome and unnecessary.   If Siltronic believes that it requested and received reimbursement from Wausau for environmental remediation expenses that it was not legally obligated to pay pursuant to DEQ or EPA Orders and Agreements, then Siltronic should identify them and reimburse Wausau accordingly.

The only issue to be resolved is whether Wausau accurately characterized its payments either for defense or indemnity costs. Under Oregon law, ORS 465.480(6)(a) and (b), the question of whether a particular payment is for defense or indemnity turns on the nature of the work being performed, not the specific document that ordered or requested Siltronic to perform the work.  Directives from government agencies can require an insured to perform a remedial investigation (defense) or a cleanup (indemnity) or both.  Siltronic has the information necessary to challenge Wausau's characterization of its payments.

///

///

///

///

3 – OPINION AND ORDER

**ORDER**

Accordingly, Siltronic's Motion to Compel Discovery Response from Wausau (docket # 69) is DENIED.

DATED  August 29, 2013.

s/ Janice M. Stewart<br>
Janice M. Stewart<br>
United States Magistrate Judge

4 – OPINION AND ORDER