UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

SILTRONIC CORPORATION, a Delaware
corporation,

                Plaintiff,                              Case No. 3:11-cv-1493-ST

        v.                                        OPINION AND ORDER

EMPLOYERS INSURANCE COMPANY OF
WAUSAU, a Wisconsin corporation;
GRANITE STATE INSURANCE COMPANY,
a Pennsylvania corporation; CENTURY
INDEMNITY COMPANY, a Pennsylvania
corporation; and FIREMAN'S FUND
INSURANCE COMPANY, a California
corporation,

                Defendants.

STEWART, Magistrate Judge:

On September 25, 2013, in response to a motion to compel filed by Employers Insurance

Company of Wausau ("Wausau"), this court ordered a non-party, Maul Foster & Alongi ("Maul

Foster"), to produce only those documents relating to or arising out of specific invoices contested

by Granite State Insurance Company ("Granite State") in its Motion for Partial Summary

Judgment Regarding Wausau's Characterization of Costs (docket #71). In addition, pursuant to

FRCP 45(d)(2)(B)(ii), Wausau was ordered to pay Maul Foster's reasonable cost to produce

those documents.

1 – OPINION AND ORDER

After receiving an invoice from Maul Foster for $11,640.00 to produce responsive documents, Wausau objected to the reasonableness of the charge.  At a hearing on October 30, 2013, this court ordered Wausau to pay $5,670.00 (one-half of the charge) and deferred ruling on the reasonableness of the charge pending further briefing.  After receiving a second invoice from Maul Foster for $6,357.50 to complete the production, Wausau filed a Motion to Apportion Costs and Objections to Maul Foster's Request for Reimbursement of Unreasonable Subpoena Costs under Rule 45 (docket #123).  At this point Maul Foster seeks reimbursement from Wausau of $17,297.73 for 169.5 hours performing the search and producing responsive documents.

Pursuant to FRCP 45(d)(2)(B)(ii), the court is required to "protect any person who is neither a party nor a party's officer from significant expense resulting from" the inspection and copying of documents responsive to a subpoena.  *See also Legal Voice v. Stormans, Inc.*, 738 F3d 1178, 1184 (9th Cir 2013) (a court must "shift a non-party's costs of compliance with a subpoena, if those costs are significant"), citing *Linder v. Calero–Portocarrero*, 251 F3d 178, 182 (DC Cir 2001) (a "court must protect the nonparty by requiring the party seeking discovery to bear at least enough of the expense to render the remainder 'nonsignificant'").

Whether a cost is "significant" necessarily relates to the nature of the case and the parties' respective financial situations.  One court had "no trouble concluding" that discovery expenses amounting to $200,000.00 were "significant," *Linder*, 251 F3d at 182, while another found that only $9,000.00 in discovery was significant to shift costs.  *Williams v. City of Dallas*, 178 FRD 103, 113 (ND Tex 1998).  Wausau does not dispute that the total charged by Maul Foster of $17,297.73 is "significant."

Nonetheless, the requesting party is not necessarily required to absorb all of the cost of a non-party's compliance. *See In re Honeywell Int'l, Inc. Sec. Litig.*, 230 FRD 293, 302 (SDNY 2003) (citation omitted) ("[A] non-party can be required to bear some or all of its expense where the equities of a particular case demand it."). To determine how much cost to shift from the non-party, the court must balance the equities of the particular case, including "whether the non-party actually has an interest in the outcome of the case, whether the non-party can more readily bear its cost than the requesting party, and whether the litigation is of public importance." *Linder*, 251 F3d at 182, citing *In re Exxon Valdez*, 142 FRD 380, 383 (D DC 1992). Wausau argues that none of these factors support a payment of $17,297.73 to Maul Foster.

With respect to the first factor, Wausau notes that Maul Foster, an engineering firm, was retained by Siltronic to manage its environmental compliance obligations and has been paid millions of dollars over many years by Granite State. Maul Foster coded the invoices which it submitted to Siltronic and has submitted an affidavit on behalf of Granite State to support that coding in connection with the pending motions. Although Maul Foster may have an interest in the accuracy of its coding, that is not the same as an interest in the outcome of this case. Regardless of who wins this case, Maul Foster will be paid by either Siltronic or one of its insurers.

Neither of the other two factors favor Wausau. The record does not reveal whether Maul Foster can more readily bear the cost than Wausau, and this litigation is strictly between private parties with no public importance.

That still leaves the issue of whether the amount charged by Maul Foster is reasonable in the first place. Wausau argues that a charge of over $17,000.00 is unreasonable for several reasons. It asserts that Maul Foster had no need to perform any redaction or privilege review,

especially since Siltronic's attorney, Mr. Gladstone, produced his entire file without the need for a subpoena, segregation, or privilege review.  It also correctly points out that the invoices are vague and include a number of entries for internal communications and meetings, as well as time for employees, many of whom were senior level hydrogeologists, to stand around the copier and copy documents.  The lowest hourly rate billed was $65.00 per hour, the same rate its environmental scientists bill for technical work.

Had Maul Foster produced the entire electronic file, used clerical personnel, or hired a third-party vendor for copying, the cost would have been far less.  Once it received an index of Maul Foster's files, Wausau requested only approximately 2 gigabytes of data.  By comparison, the costs to produce Mr. Gladstone's file of 2.97 gigabytes by a shared third-party vendor was $350-400 per gigabytes, or less than $1,000.00.

Maul Foster has proffered a general explanation for its charges, including the need to obtain documents and emails from 31 current and former employees and the need for some of the search to be done by scientists in order to identify responsive documents.  However, the hourly rates for those employees range from $65.00 to $160.00.  A minimum charge of $65.00 per hour to search and copy documents is inherently unreasonable and cannot be justified.  Moreover, at those hourly rates, the charges by Maul Foster necessarily include some profit which Wausau should not have to pay.

The high charges by Maul Foster are due primarily to Siltronic's request that Maul Foster segregate and produce only documents relevant to the invoices disputed by Granite State.  Maul Foster did not object to Wausau's subpoena, but was concerned only about being compensated for the cost of compliance which it could not estimate in advance.  Barber Decl., Ex. L (Transcript of September 25, 2013 Hearing), pp. 12-13.  Instead, Siltronic objected to Maul

Foster producing information unrelated to the specific invoices contested by Granite State. *Id*, pp. 13-4. Since Maul Foster did not organize its files specific to particular invoices, electronic production of specific drives from its files as requested by Wausau would be less costly than searching through the file for documents related to specific invoices. *Id*, pp. 16-17. Nonetheless, Siltronic was averse to incurring the cost to review the entire Maul Foster file itself and preferred that Maul Foster perform the work of segregating responsive documents, presumably resulting in a much smaller volume, and be paid for the cost of doing so by Wausau. *Id*, p. 20. The segregation did not benefit Maul Foster or Wausau, but benefitted only Siltronic. Therefore, Wausau requests that Siltronic pay at least half of the costs for Maul Foster's compliance with its subpoena.

Wausau has cited no authority for this court ordering Siltronic to pay part of the cost, other than a court's inherent authority to manage discovery. Pursuant to FRCP 26(b)(2), a court has authority to limit the frequency or extent of discovery and may issue protective orders under FRCP 26(c) with payment of expenses as authorized by FRCP 37(a)(5). A court may also impose sanctions for failure to comply with a court order under FRCP 37(b). However, none of these rules specifically authorize the order sought by Wausau. Absent some authority for doing so, this court is loath to order Siltronic, who did not request or produce the documents at issue, to pay part of the cost of production.

This unfortunate situation could have been avoided had Maul Foster first advised Wausau how much it expected to charge or, at a minimum, had given Wausau periodic updates as to the charge. Wausau would then have been in a position to revise its request, have some third-party perform the review and copying, or even ask the court to reconsider its ruling. Alternatively, Maul Foster could have turned its files over to Siltronic to perform the required segregation. As

Wausau points out, Siltronic had to allow Wausau access to Maul Foster's file, if requested, pursuant to the cooperation clause in Wausau's policies.

Under these circumstances, the charge by Maul Foster to comply with Wausau's subpoena, as narrowed by this court, is unreasonable and must be reduced. Wausau argues that a reasonable production cost should not exceed the $1,000 cost of producing the electronic file. However, this court previously denied Wausau's request for Maul Foster to produce its entire electronic file and narrowed the subpoena to documents related to the disputed invoices. As a result, some additional work over and above copying the electronic file was required. Based on the limited information provided by the parties, this court concludes that Wausau's payment of $5,670.00, or about one-third of Maul Foster's total charge, is a reasonable amount and that Maul Foster must either absorb or charge Siltronic for the remainder of its cost to comply with Wausau's subpoena.

## ORDER

Wausau's Motion to Apportion Costs and Objections to Maul Foster's Request for Reimbursement of Unreasonable Subpoena Costs under Rule 45 (docket #123) is GRANTED in part and DENIED in part. Wausau has already paid a reasonable charge for Maul Foster's compliance with the subpoena and is not required to pay any more.

DATED March 13, 2014.

s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge