**Leta E. Gorman,** OSB # 984015
E-mail:  leta.gorman@jordanramis.com
**Christopher L. Reive,** OSB # 833058
E-mail:  chris.reive@jordanramis.com
**Diane Lenkowsky,** OSB # 143725
E-mail:  diane.lenkowsky@jordanramis.com
JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Dr 6th Flr
Lake Oswego OR 97035
Telephone:  (503) 598-7070
Facsimile:  (503) 598-7373
      Attorneys for Plaintiff Siltronic Corporation

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SILTRONIC CORPORATION, a Delaware corporation,<br><br>      Plaintiff,<br><br>   v.<br><br>EMPLOYERS INSURANCE COMPANY OF WAUSAU, a Wisconsin corporation; GRANITE STATE INSURANCE COMPANY, a Pennsylvania corporation,<br><br>      Defendants. | Case No. 3:11-CV-1493-ST<br><br>**STIPULATED PROTECTIVE ORDER** |

**STIPULATION**

      The parties, through their undersigned counsel, hereby stipulate to entry of the following

Order.

*46454-38912 1556179_2\bjc/11/20/2015*

**BARBER LAW GROUP**

/s/ Bryan M. Barber

Date:    11/20/2015

Bryan M. Barber
Barber Law Group
525 University Ave. Ste. 600
Palo Alto CA 94301-1921
Facsimile: (415) 273-2940
E-mail: bbarber@barberlg.com
Attorneys for Defendant Employers
Insurance Company of Wausau

**SINNOTT, PUEBLA, CAMPAGNE & CURET P.C.**

/s/ W. David Campagne

Date:    11/20/2015

W. David Campagne
Sinnott, Puebla, Campagne & Curet P.C.
555 Montgomery St. Ste. 720
San Francisco CA 94111
Facsimile: (415) 352-6224
E-mail: dcampagne@spcclaw.com
Attorneys for Defendant Granite State
Insurance Company

**JORDAN RAMIS PC**

/s/ Leta E. Gorman

Date:    11/20/2015

Leta E. Gorman, OSB # 984015
E-mail: leta.gorman@jordanramis.com
Christopher L. Reive, OSB # 833058
E-mail: chris.reive@jordanramis.com
Diane Lenkowsky, OSB # 143725
E-mail: diane.lenkowsky@jordanramis.com
JORDAN RAMIS PC
Two Centerpointe Dr 6th Flr
Lake Oswego OR 97035
Telephone: (503) 598-7070
Facsimile: (503) 598-7373
Attorneys for Plaintiff Siltronic Corporation

**LAW OFFICE OF BARRY J. GOEHLER**

/s/ Barry J. Goehler

Date:    11/20/2015

Barry J. Goehler
Law Office of Barry J. Goehler
1001 SW 5th Ave Ste 1530
Portland OR 97204
Facsimile: (503) 820-2513
E-mail: goehleb@nationwide.com
Attorneys for Defendant Employers Insurance
Company of Wausau

**COSGRAVE VERGEER KESTER LLP**

/s/ Thomas W. Brown

Date:    11/20/2015

Thomas W. Brown
Cosgrave Vergeer Kester LLP
500 Pioneer Tower
888 SW Fifth Ave Ste 500
Portland OR 97204
Facsimile: (503) 323-9019
E-mail: tbrown@cosgravelaw.com
Attorneys for Defendant Granite State
Insurance Company

**ANDERSON KILL P.C.**

/s/ Robert M. Horkovich

Date:    11/20/2015

Robert M. Horkovich
E-mail: rhorkovich@andersonkill.com
ANDERSONKILL P.C.
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 278-1322
Facsimile: (212) 278-1733
Attorneys for Plaintiff Siltronic Corporation

## ORDER

Discovery in this litigation may, at times, involve trade secrets, proprietary information, confidential information from the Portland Harbor PCI Group mediation/allocation process, confidential information from the Portland Harbor Natural Resources Damages mediation/ allocation process, confidential information from the Portland Harbor Lower Willamette Group joint defense process, and other confidential information of the parties. Accordingly, the parties stipulate to the entry of this Protective Order ("Order") regarding such documents and information.

### THEREFORE IT IS HEREBY ORDERED:

1.    **Designation of Confidential Documents.** Any party may elect to protect documents or testimony (*e.g.*, transcripts of depositions) containing information it considers to fall within the paragraph immediately above by marking pertinent documents in a way that clearly contains the word "Confidential." Documents so marked are referred to herein as "Confidential information" or "Confidential documents," and any party seeking the protections associated with such mark is referred to herein as the "Designating Party." Such designation shall be made by placing the word "Confidential" (in any combination of capital and non-capital letters) conspicuously on every page of the document. Where Confidential information is disclosed in response to an interrogatory, the response shall be preceded by a conspicuous notation that the information to follow is Confidential, and the response to that interrogatory shall be so treated. In the event that any electronically stored information ("ESI") is produced in a format (such as native format) not susceptible to marking in the manner provided above or produced in quantities that make pre-production review and marking unreasonably burdensome, the producing party may designate such information as Confidential by providing to all parties a Confidentiality Log indicating, by the Bates number or unique identifying number associated with each particular source of electronic information, that such document(s) are designated

"Confidential." Thereafter, no party may disclose any document that has been identified on a Confidentiality Log without first marking the document(s) as "Confidential" in the manner described above.

Because the parties have been engaging in discovery prior to the entry of this Order, parties may have previously produced documents that contain Confidential information. Within 60 days of the entry of this Order, any party may notify the other parties of a designation of any previously produced document or ESI as Confidential by providing to all parties a Confidentiality Log indicating by Bates number or unique identifying number associated with each particular source of electronic information, that such document(s) are designated "Confidential."

      2.    **Redaction Procedure for any and all Produced Information.**  Redaction is permitted to protect privileged attorney-client or attorney work product information or personally identifiable information (such as social security or bank account numbers).  Redaction should be used as conservatively as possible, and reasonable effort shall be made to preserve the integrity of the information otherwise disclosed.  The document shall be identified as being redacted in a manner that will not obliterate, conceal, or interfere with any information on the produced document.  The redacting party shall maintain a copy of the unredacted document complete with unmodified metadata in the event disputes must be resolved concerning the redaction or the metadata information provided.

      3.    **Persons To Whom Confidential-Designated Information May Be Disclosed.**
All Confidential information shall be kept confidential and disclosed only to the persons and/or entities as follows:

          a.    To this Court, and any of its staff and administrative personnel, and court reporters, and to jurors at trial.

46454-38912 1556179_2\bjc/11/20/2015

b.      To the parties and/or their attorneys and staff, including employees, officers, claim administrators, agents and/or directors of each party.

c.      Persons or entities to whom a party in this action has a contractual, legal or regulatory obligation to provide Confidential information, including reinsurers, reinsurance intermediaries, retrocessionaires, regulators, retrocessionary accountants, and auditors of any party to this action.

d.      To the parties' independent experts or consultants retained in this case whose advice, consultations, or testimony may be used in connection with this litigation, but only upon the signing by each such person of the undertaking attached hereto as Exhibit "A."

e.      To a witness during depositions and/or preparation therefore upon the signing by each such witness of the undertaking attached hereto as Exhibit "A." If a party notices the deposition of a witness who is not a current or former employee of another party and anticipates disclosing Confidential information during the deposition, that party shall, where possible, provide the witness with Exhibit A in advance of the deposition and request that the deponent sign Exhibit A prior to the deposition. If the deponent refuses to sign Exhibit A prior to the deposition, the party noticing the deposition shall advise all other parties of this fact. A deponent's refusal to sign Exhibit A does not prohibit a party from disclosing Confidential information to the deponent during the course of that deponent's deposition. The procedures regarding such disclosure are set forth in paragraph 9.

        f.        To other persons as agreed to, by all parties herein, in a separate writing that explicitly refers to this Order, conditioned upon the signing by each such person of the undertaking attached hereto as Exhibit "A."

**4.**      **Permitted Uses of Confidential Information.**  All Confidential information obtained in the course of this litigation may be used only for the purposes of this litigation and the adjustment of the claim at issue in this action.

**5.**      **Scope of Permitted Disclosure.**  Confidential information shall not be revealed to or discussed with any person other than as provided by this Order.

**6.**      **Confidentiality Undertaking.**  Any person whose access to Confidential information is conditioned upon execution of an agreement in the form attached hereto as Exhibit "A," pursuant to Paragraphs 3(d) – 3(f) above, shall execute such agreement, in the form attached hereto as Exhibit "A," before disclosure is made to such person, and a signed copy of each such agreement shall be retained by counsel for the party disclosing the Confidential information.  Counsel for the party disclosing the Confidential information will provide such signed agreement to the Court for in camera investigation in the event of any related dispute regarding compliance with, or the enforcement of, this Order.

**7.**      **Filing Under Seal.**  Any party may offer any Confidential information in connection with motions or briefs, or at hearings or trial in this action.  If a party intends to use Confidential information so designated by any other party, however, the party seeking to disclose the Confidential information shall do the following with respect to the filing of motions and briefs:

        a.        If a party seeks to file a motion or brief that includes Confidential information (the "Moving Party"), the Moving Party shall file a redacted version of the motion or brief, redacting the portions of the brief that reference, cite to, or quote Confidential information.  Further, the Moving

Party will file slip sheets for any exhibits designated as Confidential information. The Moving Party will provide each of the parties unredacted versions of the motion or brief, and all of the exhibits thereto. The Moving Party will also provide the Court a courtesy copy of the unredacted motion or brief, along with all of the exhibits thereto.

b.    Within five (5) business days of the Moving Party filing the redacted version of the motion or brief, and slip sheets for any exhibits designated as Confidential information, any party may move the Court to seal the Confidential information referenced in the motion or brief, or any exhibits designated Confidential information. The party filing the motion to seal will seek to have the Court hear the motion on an expedited basis.

c.    If the Court grants the motion to seal, then the Moving Party will file the exhibits designated Confidential information under seal with the Court. If the Court denies the motion to seal or if no motion to seal is timely filed, then the Moving Party will re-submit its motion or brief in unredacted form, and file the relevant exhibits on the docket.

d.    The parties will meet and confer regarding the process to preserve the confidentiality of the Confidential information with respect to use at hearings and trial.

8.    **Correcting Failure to Designate As Confidential.**  The inadvertent failure of a party to designate certain documents as Confidential may be corrected by supplemental written notice to all recipients and provision of a new copy of the documents in question to all parties, marked in accordance with Paragraph 1, above.

9.    **Deposition Testimony.**  If any party believes that Confidential information belonging to it has been or may be disclosed in the course of any deposition (whether through

any question, answer, colloquy and/or exhibit), then such party may designate the deposition or a portion thereof, or exhibit, as Confidential by: (a) stating on the record of the deposition that such deposition, or portion thereof, or exhibit is Confidential; or by (b) stating in a writing served on counsel for the other parties, or in the case of testimony given by a third party pursuant to a subpoena, up to thirty (30) days after receipt of such deposition transcript by the designating person, that such deposition, or portion thereof, or exhibit, is Confidential information. Where a claim of confidentiality is made at any deposition, all persons in attendance who, by virtue of the terms of this Order, do not have access to such Confidential information shall be excluded from attendance at the portion or portions of the deposition at which such Confidential information will be or might be disclosed, provided, however, that a deponent who has refused to sign Exhibit A cannot be excluded from his or her deposition. Any such deponent, however, shall not be permitted to retain or take from the deposition any Confidential information. Further, although such deponent may, if they so request, be provided with a complete transcript of his or her deposition for purposes of correcting and signing the deposition, such deponent shall not be permitted to retain any portions of said transcript that are designated Confidential. If any deposition, portions thereof, or exhibits are identified as Confidential, then all originals, copies and synopses thereof shall be marked in accordance with this Order.

　　　10.　**Inadvertent Disclosure.**  The inadvertent disclosure of Confidential-designated information and/or failure to comply strictly with the terms of this Order shall not be cause for sanctions or for awarding other monetary penalties or damages, including attorney's fees or costs so long as the disclosing party took reasonable steps to prevent the inadvertent disclosure and, upon learning that Confidential-designated information had been inadvertently disclosed to any person other than in the manner authorized by this Order, immediately brought the inadvertent disclosure to the attention of the party that designated the information as Confidential and, in

addition, made all reasonable efforts to obtain the return of the Confidential-designated information so as to prevent further disclosure.

11.    **Purpose of Confidential Designation.**  The designation of any document, thing, or testimony as Confidential is intended solely to facilitate preparation for trial, and the treatment of any document, thing, or testimony designated as such shall not be construed as an admission or an agreement that the designated document, thing, or testimony contains or discloses any trade secret or Confidential information in contemplation of law.  No person shall be obligated to challenge the propriety of any such designation, and any failure to do so shall not preclude a subsequent attack on the propriety of any Confidential designation.  However, no party may mark any document or information as Confidential without a good faith basis for doing so.

12.    **Disputing a Confidential Designation.**  Notwithstanding the provisions of Paragraph 7, above, the parties shall endeavor to resolve all disputes over the designation of information as Confidential as soon as such issues are identified and in advance of any motion practice to which such documents may be relevant.  In the event of a dispute with respect to the designation of any information as Confidential, counsel for the disputing party and counsel for the Designating Party shall endeavor in good faith to resolve their dispute on an informal basis including consideration of whether redaction is a viable alternative to designation of an entire document as Confidential.  In the event that counsel are not able to reach an agreement, the party challenging the designation shall present the matter to the Court by filing a Motion to Compel, in response to which the Designating Party shall bear the burden of demonstrating that the information or category of information is eligible for designation as Confidential under L.R. 26-4 and *Folz v. State Farm Mutual Ins. Co.,* 331 F.3d 1122 (9th Cir. 2003).  Any party hereto may apply to the Court for relief from, or modification of, this Order, and may challenge the designation of any information as Confidential, irrespective of whether the document was sought by that party in discovery.  If such a motion is made, and if warranted by the circumstances, any

party may seek an in camera review by the Court of the disputed information. Until the Court rules on any such motion, the information shall continue to be treated as Confidential under the terms of this Order, and all other terms and conditions of this Order shall remain in full force and effect.

13. **Attorney Responsibility.** The attorneys of record for the parties are responsible for employing adequate and reasonable measures to ensure compliance with the Order.

14. **Disclosure of Privileged or Work-Product Information.**

a. If, in connection with the pending litigation, a party (the "Disclosing Party") inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Disclosed Protected Information"), the inadvertent disclosure of the Disclosed Protected Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection, so long as the Disclosing Party is reasonably diligent in exercising its rights under this section.

b. A Disclosing Party may assert, in writing, attorney-client privilege or work product protection with respect to inadvertently Disclosed Protected Information, but must do so reasonably promptly upon the discovery of the inadvertent disclosure. Counsel for any party receiving such notice shall, within five (5) business days of receipt of that writing, return or destroy all copies of the Disclosed Protected Information and provide a certification of counsel that all such Disclosed Protected Information has been returned or destroyed.

c. Within five (5) business days of the notification that such Disclosed Protected Information has been returned or destroyed, the Disclosing Party shall produce a privilege log with respect to the Disclosed Protected Information.

d. Any party may move the Court for an Order compelling production of the Disclosed Protected Information (a "Compel Motion"). The Compel Motion shall be filed under seal and shall not assert as a ground for entering such an Order the fact of the prior inadvertent

production, except in so far as the Disclosing Party's lack of diligence in asserting the inadvertent disclosure amounts to a waiver of its rights under this section.

e.     The Disclosing Party retains the burden of establishing the privileged or protected nature of any Disclosed Protected Information.  Nothing in this paragraph shall limit the right of any party to petition the Court for an in camera review of the Disclosed Protected information.

15.     **Procedure for Compulsory Process.**  If a party in possession of Confidential information obtained from a producing party in this action receives a subpoena or other form of compulsory process from a non-party to this action seeking production or other disclosure of such Confidential information, it shall immediately give written notice to the appropriate producing party, specifying the information sought and enclosing a copy of the subpoena or other form of compulsory process, and shall afford the producing party the opportunity to timely object, intervene, or otherwise have its interests heard and protected with respect to such subpoena or process.

## RESERVATION OF RIGHTS

16.     Nothing contained in this Order shall prevent any party from disclosing its own Confidential information to any person, or from disclosing information contained in publicly available government records, or from disclosing information obtained from third parties or obtained outside of this litigation, or from disclosing the deposition testimony of its own current or former employees, other than testimony regarding Confidential information produced by another party, to any other person.

17.     Nothing contained in this Order shall constitute:  (a) an agreement by any party to produce any documents or supply any information or testimony in discovery not otherwise agreed upon or not required by Rules of Court or by Court Order; (b) a waiver by any person or party of any right to object to or seek a protective order with respect to any discovery request in

this or in any other action; (c) a waiver of any claim of attorney-client privilege, work product immunity, joint defense privilege (or any other applicable privilege), immunity or protection with regard to any testimony, documents, or information; (d) a waiver by any party of its right to apply to the Court for an order designed to preserve the confidentiality of its Confidential information at trial; or (e) an admission that any particular document is or is not admissible into evidence in this case.

18.    At the conclusion of this action, unless other arrangements are agreed upon, each document and all copies thereof designated "Confidential" shall be maintained by the parties in a manner consistent with this Order, subject to the parties' document retention/destruction policies. This Order and the agreements embodied herein shall survive the termination of this action, whether by dismissal, final judgment, or completion of appeal or settlement, and shall continue in full force and effect thereafter.  The Court will retain jurisdiction after the termination of this action to enforce the terms of this Order.

19.    Nothing herein shall be construed to prevent disclosure of Confidential information if such disclosure is required by law or by order of the Court.

20.    This Order may be modified or amended by agreement of all parties, subject to approval of the Court, or, if agreement cannot be reached, any party may seek to amend this Order by appropriate motion to this Court.

SO ORDERED this 23rd day of November, 2015.

JANICE M. STEWART
UNITED STATES MAGISTRATE JUDGE

## EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER


The undersigned, _____, employed or retained

by _____, hereby acknowledges that he or she has received a

copy of the Stipulated Protective Order ("Order"), in *Siltronic Corporation v. Employers*

*Insurance Company of Wausau, et al.,* U.S. District Court for the District of Oregon, Case

Number 3:11-CV-1493-ST, which is incorporated herein by reference, has read and understands

such Order, and agrees to be bound by all of the terms and conditions thereof.

The undersigned further confirms that he or she understands that (i) the

Confidential information is being disclosed pursuant to and is subject to the terms of the Order

and may not be disclosed other than pursuant to the terms hereof; (ii) the violation of the terms of

this Order (*e.g.*, using the Confidential information for an impermissible purpose) will constitute

breach of the Order, which is enforceable in a court of law; and (iii) he or she agrees to submit to

the Court for the purpose of enforcing the Order.


Date: _____

Signature: _____

Print Name: _____


Page 13 – STIPULATED PROTECTIVE ORDER                   *46454-38912 1556179_2\bjc/11/20/2015*