UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SILTRONIC CORPORATION, a Delaware corporation, | |
| Plaintiff, | Case No. 3:11-cv-1493-ST |
| v. | OPINION AND ORDER |
| EMPLOYERS INSURANCE COMPANY OF WAUSAU, a Wisconsin corporation; and GRANITE STATE INSURANCE COMPANY, a Pennsylvania corporation; | |
| Defendants. | |

**STEWART, Magistrate Judge:**

## INTRODUCTION

On December 9, 2011, plaintiff, Siltronic Corporation ("Siltronic"), filed this action for declaratory judgment and breach of contract in order to allocate financial responsibility for environmental claims arising out of the Portland Harbor Superfund Site pursuant to various insurance policies. Between 1978 and 1986, defendant, Employers Insurance Company of Wausau ("Wausau"), issued seven annual Comprehensive General Liability Policies to Siltronic. Complaint, ¶ 9. Wausau paid approximately $7.7 million for Siltronic's defense costs on various environmental claims from 2003 until September 2009 when it concluded that it had exhausted the $6 million indemnity limits of the six policies covering the time period from 1980-86. Cross-

1 – OPINION AND ORDER

claimant, Granite State Insurance Company ("Granite State"), Siltronic's umbrella insurer, then began to pay Siltronic's defense costs while reserving the right to dispute Wausau's claim of exhaustion.[1]

Wausau has filed a Motion for Partial Summary Judgment (docket #190) seeking summary judgment, among other things, that Wausau is not required by ORS 465.483 to pay the fees of two sets of defense counsel for Siltronic, one retained by Wausau (Davis Rothwell) and one retained by Siltronic (Jordan Ramis). In addition, Siltronic has filed a Motion to Amend (docket #205) to add a claim based on the insurers' purported violation of ORS 465.483.

After a hearing on those motions, the court indicated that it was inclined to rule against Siltronic on the independent counsel issue. In an apparent attempt to avoid an adverse ruling, Siltronic then filed a Motion to Certify Questions of Law to the Oregon Supreme Court (docket #225) pertaining to Siltronic's right to independent counsel under ORS 465.483. Those questions are:

> 1. Can ORS 465.483, which requires that "the insurer shall provide independent counsel to defend the insured who shall represent the insured and not the insurer," be satisfied by the insurance company hiring counsel representing both the insurance company and the policyholder pursuant to a reservation of rights to deny coverage?
>
> 2. How does an insurance company retain "independent" counsel for a policyholder pursuant to ORS 465.483, given the Oregon ethics opinions that state that when an attorney is hired by an insurance company to represent a policyholder, the attorney represents both the insurance company and the policyholder?
>
> 3. Can an attorney who represents both the insurance company and the policyholder ever qualify as "independent" under ORS 465.483?
>
> 4. If an attorney who represents both the insurance company and the policyholder never may qualify as "independent" under ORS 465.483, does ORS 465.483 obligate an insurance company to provide and pay for separate counsel that represents only the policyholder?

---

[1] Two other defendants, Century Indemnity Company and Fireman's Fund Insurance Company, Siltronic's umbrella insurers, have been dismissed without prejudice (docket #171).

5. Does ORS 465.483 abrogate the tripartite relationship in Oregon?

For the reasons set forth below, Siltronic's motion is denied.

## LEGAL STANDARD

Pursuant to ORS 28.200, the Oregon Supreme Court may answer "questions of law certified to it" by this court:

> if there are involved in any proceedings before it questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court and the intermediate appellate courts of this state.

In assessing whether to certify a question to the Oregon Supreme Court, the criteria are that:

> (1) The certification must come from a designated court; (2) the question must be one of law; (3) the applicable law must be Oregon law; (4) the question must be one that "may be determinative of the cause;" and (5) it must appear to the certifying court that there is no controlling precedent in the decisions of this court or the Oregon Court of Appeals.

*Western Helicopter Servs., Inc. v. Rogerson Aircraft Corp.*, 311 Or 361, 364, 811 P2d 627, 629 (1991), quoting ORS 28.200.

If any one of the five criteria is absent, then the Oregon Supreme Court will deny certification. *Id* at 366, 811 P2d at 631.

## DISCUSSION

Four of the five *Western Helicopter* criteria for certification are easily met. First, there is no question that this court is designated to certify a question to the Oregon Supreme Court. Although magistrate judges are not expressly included within ORS 28.200, LR 83-15 provides a process by which a magistrate judge may refer to the Chief Judge a recommendation to certify a question to the Oregon Supreme Court. If the Chief Judge and other members of the court

3 – OPINION AND ORDER

concur with the magistrate judge's recommendation, then the Chief Judge will certify the question.

Second, the interpretation of the independent counsel provision within ORS 465.483 concerns Oregon law.

Third, no Oregon court has had the opportunity to interpret the independent counsel provision within ORS 465.483.

Fourth, the questions presented are solely issues of law.

The final *Western Helicopter* criterion, that the question be determinative of the case, is more problematic. Siltronic seeks to certify questions as to whether it is ever possible for an insurer to comply with ORS 465.483 by selecting "independent counsel" to defend the insured under a reservation of rights. In resolving Wausau's Motion for Partial Summary Judgment, this court has answered these questions adversely to Wausau by deciding that the insured may select "independent counsel" when being defended under a reservation of rights. However, answering the questions posed by Siltronic for certification adversely to Wausau does not constitute a final determination of this case. The "independent counsel" issue is but one of many remaining issues yet to be decided.

Even if all of the *Western Helicopter* criteria are met, whether to certify a question "rests in the sound discretion of the federal court." *Lehman Bros. v. Schein*, 416 US 386, 391 (1974); *Micomonaco v. State of Wash.*, 45 F3d 316, 322 (9th Cir 1995). Even if there is some "doubt as to local law," certification is not "obligatory." *Lehman Bros*, 416 US at 390-91. As noted by the Ninth Circuit:

> Federal courts are not precluded from affording relief simply because neither the state Supreme Court nor the state legislature has enunciated a clear rule governing a particular type of controversy. Were we able to invoke only clearly established state

4 – OPINION AND ORDER

> law, litigants seeking to protect their rights in federal courts by
> availing themselves of our diversity jurisdiction would face an
> inhospitable forum for claims not identical to those resolved in
> prior cases.

*Paul v. Watchtower Bible & Tract Soc'y*, 819 F2d 875, 879 (9th Cir 1987).

This court does not require the Oregon Supreme Court to enunciate a clear rule as to the meaning of ORS 465.483.  Although the statute clearly states that the insurer shall "provide" and "retain" "independent counsel," it does not explicitly specify who has the right to choose the "independent counsel" and does not define what constitutes an "independent counsel."  To resolve that ambiguity, this court has applied Oregon law governing statutory construction, namely to ascertain the legislative intent by analyzing the text and context, consulting the legislative history, and applying general maxims of statutory construction.  This is the same approach that the Oregon Supreme Court must take when answering the questions sought to be certified by Siltronic.

Siltronic asserts that the interpretation of ORS 465.483 will have a substantial impact on potentially dozens of other cases in the Portland Harbor Superfund matter and should be resolved by the entity that ultimately must harmonize the statute with Oregon's ethical rules.  However, Siltronic has not identified any potentially diverging decisions either in federal or state court as to the meaning of "independent counsel" which could generate confusion and possibly multiple appeals.  This fear appears to be based solely on speculation, especially since this court's decision is in accord with Judge Mosman's statement in *Schnitzer Steel Indus., Inc. et al v. Continental Casualty Co. et al*, No. 3:10-cv-01174-MO, slip op (docket #254), at *2 (D Or Dec. 17, 2013).  Moreover, this court has the ability to harmonize the language of ORS 465.483 with Oregon's ethical rules and has done so.  Of course, now that Siltronic has persuaded this court to adopt its position, it may not be as anxious to defer to the Oregon Supreme Court.

5 – OPINION AND ORDER

Even if this issue will have substantial impact on other pending cases, this court is keenly aware that the process of certifying questions from this court to the Oregon Supreme Court not only takes time, but also requires the expenditure of substantial resources by all parties. Of even great concern is that ether the Board of Judges of this court may decline a recommendation to certify or the Oregon Supreme Court may decline a request for certification from this court. The time and expense to seek and oppose certification would be better spent by the parties to resolve the remaining myriad issues in this case and, if necessary, appealing this court's decision on the "independent counsel" issue.

Exercising its discretion to decide whether or not to certify the questions presented by Siltronic to the Oregon Supreme Court, this court concludes that certification is unwarranted.

## **ORDER**

Siltronic's Motion To Certify Questions of Law to the Oregon Supreme Court (docket #225) is DENIED.

DATED  March 31, 2016.

s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge