UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**SILTRONIC CORPORATION, a Delaware corporation**

                Plaintiff,

      v.

**EMPLOYERS INSURANCE COMPANY OF WAUSAU, a Wisconsin corporation; and GRANITE STATE INSURANCE COMPANY, a Pennsylvania corporation**,

                Defendants.

Case No. 3:11-cv-1493-ST

**OPINION AND ORDER**

**STEWART, Magistrate Judge:**

### INTRODUCTION

On December 9, 2011, plaintiff, Siltronic Corporation ("Siltronic"), filed this action for declaratory judgment and breach of contract in order to allocate financial responsibility for environmental claims arising out of the Portland Harbor Superfund Site pursuant to various insurance policies. Between 1978 and 1986, defendant, Employers Insurance Company of Wausau ("Wausau"), issued seven annual Comprehensive General Liability Policies to Siltronic. Complaint, ¶ 9. Wausau paid approximately $7.7 million for Siltronic's defense costs on various environmental claims from 2003 until September 2009 when it concluded that it had exhausted

1 – OPINION AND ORDER

the $6 million indemnity limits of the six policies covering the time period from 1980-86. Cross-claimant, Granite State Insurance Company ("Granite State"), Siltronic's umbrella insurer, then began to pay Siltronic's defense costs while reserving the right to dispute Wausau's claim of exhaustion.[1]

Four years later and after four semi-dispositive motions, Siltronic has now filed a Motion for Leave to File First Amended Complaint (docket #205) seeking to allege new claims, add a new party, and amend existing allegations. For the reasons set forth below, that motion is granted in part and denied in part.

## LEGAL STANDARD

Pursuant to FRCP 15(a)(2), a court "should freely give leave" to amend "when justice so requires." However, leave to amend "is not to be granted automatically." *Jackson v. Bank of Haw.*, 902 F2d 1385, 1387 (9th Cir 1990). Deciding whether to grant leave to amend, the Supreme Court has offered the following factors for the court to consider:

> In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 US 178, 182 (1962); *see also Carvalho v. Equifax Info. Servs., LLC*, 629 F3d 876, 892 (9th Cir 2010).

Of these factors, "[i]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F3d 1048, 1052 (9th Cir 2003).

///

## DISCUSSION

---

[1] Two other defendants, Century Indemnity Company and Fireman's Fund Insurance Company, who are also Siltronic's umbrella insurers, have been dismissed without prejudice (docket #171).

Some of the amendments sought by Siltronic are not opposed, namely to remove the claims against previously dismissed defendants Century Indemnity Company and Fireman's Fund Insurance Company and to correct minor, typographical errors. However, Wausau and Granite State object to adding new claims, adding a new defendant, and increasing the amount of coverage under one of the policies at issue.

I.     **Proposed Third Claim & Related Allegations**

Siltronic seeks to assert a new Third Claim, with additional supporting factual allegations in paragraphs 43-50 and declaratory relief allegations in paragraph 53 of the First Claim, based on the June 2013 amendments to the Oregon Environmental Cleanup Assistance Act ("OECAA") set forth in ORS 465.483 and ORS 465.484. In essence, Siltronic's claim alleges that pursuant to ORS 465.483, it is entitled to choose "independent counsel" to be paid by its insurers and that the law firm (Davis Rothwell) chosen and paid for by the insurers (Wausau until 2009 and thereafter by Granite State) does not qualify as "independent counsel." Therefore, the Third Claim seeks to enjoin Wausau and Granite State from violating, and to order them to comply with, the OECAA by paying Siltronic's defense costs (paid by Siltronic for its own counsel, Christopher Reive at Jordan Ramis, LLC) and providing independent counsel at the rates customarily charged in the community.

There is some basis to conclude that Siltronic has unduly delayed asserting this new claim after making its initial demand for independent defense counsel under ORS 465.480 on November 26, 2013. But even if this new claim is timely, it is futile. Although the validity of the proposed amendment is not typically considered by courts in deciding whether to grant leave to amend, such leave may be denied if the proposed amendment is futile or subject to dismissal. *Saul v. United States*, 928 F2d 829, 843 (9th Cir 1991).

Wausau has raised the mirror image of this claim in its Motion for Partial Summary Judgment (docket #190) by arguing that it is not required to pay the fees of two sets of defense counsel for Siltronic, that Wausau has the right to retain independent defense counsel on behalf of Siltronic, and that Wausau has done so and has paid those defense costs. Although the original Complaint did not expressly plead a claim under ORS 465.483, it does seek reimbursement of "all defense costs caused by the environmental claims." Complaint, ¶ 44B. This allegation is sufficiently broad to include this new allegation by Siltronic to recover defense costs which it has paid to Jordan Ramis. Moreover, this is not a new dispute between the parties, but appears to have arisen during mediation. Accordingly, this court has determined that this issue could be decided by summary judgment and has ruled in Siltronic's favor that ORS 465.483 permits the insured to select its own "independent counsel" to be paid by the insurer defending subject to a reservation of rights.

Furthermore, Siltronic has offered no explanation for seeking injunctive relief in the new Third Claim. To obtain injunctive relief, Siltronic must demonstrate:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay, Inc. v. MercExchange, L.L.C.*, 547 US 388, 392 (2006).

This is an insurance coverage action in which the obligations of the insurers to pay Siltronic are governed by their policies. To the extent that Siltronic proves Wausau is obligated to make additional payments under any of its policies for defense costs, then it will have an adequate remedy at law in the form of monetary damages, obviating the need for any injunctive relief.

4 – OPINION AND ORDER

Accordingly, Siltronic's motion to amend to add the proposed Third Claim and related allegations is denied.

## II.    Proposed Fourth and Fifth Claims

The proposed First Amended Complaint adds two new claims against a new defendant, AIU Insurance Company ("AIU"), for injunctive relief (Fourth Claim) and negligence (Fifth Claim) based on an alleged failure to comply with the requirements of ORS 465.479 regarding a lost policy.  Siltronic alleges that it purchased a $10 million umbrella general liability insurance policy from AIU for the period November 1, 1978, to January 1, 1980.  Proposed First Amended Complaint, ¶ 19.  On February 20, 2013,[2] Siltronic provided AIU with notice of lost policy pursuant to ORS 465.479 and a copy of an expense ledger describing a policy issued in 1978.  *Id*, ¶ 30 & Ex. E; Wong Decl. (docket #214), Ex. 2.  AIU responded on April 17, 2013, that it could not find a copy of the policy or evidence of coverage and provided "an unusual and inapplicable exemplar AIU excess policy allegedly in use during the time period at issue."  Proposed First Amended Complaint, ¶ 30 & Ex. F; Wong Decl., Ex. 3.  Over two years later on September 18, 2015, Siltronic "updated AIU with another notice of lost policy," stating that the exemplar policy did not constitute a form issued by AIU during the purported policy period, to which AIU has not responded.  Proposed First Amended Complaint, ¶ 30 & Ex. G; Wong Decl., Ex. 4.  By failing to provide "a fully reconstructed copy of the policy it issued" or "an account of the precise nature and extent of its investigation," Siltronic alleges that AIU has violated ORS 465.479.

 Granite State complains that the amendments should be denied based on Siltronic's undue delay in asserting them.  Based on the new allegations, Siltronic knew of the facts and theories supporting its lost policy claims no later than April 2013 when it received AIU's

---

[2] Although sent before the June 10, 2013 effective date of ORS 465.479, Siltronic apparently anticipated its enactment.

5 – OPINION AND ORDER

response providing one exemplar policy. Siltronic provides no explanation as to why it delayed so long to pursue those claims, other than pointing to over 13 months when the parties were actively engaged in settlement discussions. That still leaves a period of a year and a half unexplained. Although the parties filed summary judgments motions during this time to narrow the issues for settlement, Siltronic has advanced no justification for failing to raise these new claims during that time period. Substantially shorter delays are grounds for denying leave to amend. *See, e.g., Jackson*, 902 F2d at 1388 (seven months); *AmerisourceBergen Corp. v. Dialysist W. Inc.*, 465 F3d 946, 953 (9th Cir 2006) (15 months).

Even if Siltronic could justify that it was unaware of AIU's alleged violations until September 2015 when it updated its lost policy notice, the proposed amendments are unduly prejudicial to the opposing parties. These additional claims advance different legal theories and require proof of different facts involving a purported lost policy that have not previously been addressed and will require additional discovery and resolution of a statute of limitations defense, with corresponding expense and delay. *See Kaplan v. Rose*, 49 F3d 1363, 1370 (9th Cir 1995) (noting that "[e]xpense, delay, and wear and tear on individuals and companies" counts towards prejudice). Even though a trial date has not yet been set, resolving these unrelated claims will inevitably delay adjudication of this case. *See Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F3d 980, 986 (9th Cir 1999) (finding prejudice where the amendment would require the court to reopen discovery and delay the proceedings). Of even greater concern is the addition of a new party. *See McNally v. Eye Dog Found. for the Blind, Inc.*, No. 1:09-cv-01184-AWI-SKO, 2010 WL 4723073, at *11 (ED Cal Nov. 15, 2010) (holding proposed amendment was "highly prejudicial" because "adding new parties at this date will protract the litigation further"); *Wells*

*Fargo Bank, N.A. v. Renz*, No. C 08-02561-SBA, 2010 WL 2867615, at *3 (ND Cal July 20, 2010) ("The act of simply adding a party is an indicator of prejudice.").

Acknowledging that it could simply file another lawsuit, Siltronic finds it more convenient to add these claims to this lawsuit, pointing out that both Granite State and AIU are represented by the same lawyer. The moving party's convenience is irrelevant to the analysis and does not trump Granite State's opposition based on undue delay and prejudice.

Therefore, the motion to amend to add the Fourth and Fifth Claims against AIU is denied.

### III.  **1978-80 Policy**

Paragraph 8 of the proposed First Amended Complaint alleges that the single Wausau policy issued for the period from 8/17/78 to 1/1/80 has two separate policy limits of $1 million for the period 8/17/78-8/17/79 and $1 million for the period 8/17/79-1/1/80. Similarly, it alleges that the single Granite State umbrella policy issued for the period from 11/1/78 to 1/1/80 has two separate policy limits of $4 million for the period 11/1/78-11/1/79 and $4 million for the period 11/1/79-1/1/80.

This new allegation directly contradicts Siltronic's prior allegations in paragraph 8 of the Complaint (docket #1) describing the limits of each of the seven policies, including the policy for 8/17/78-1/1/80, and in paragraph 6 in its Answer to Wausau's Counterclaim (docket #35) ("each of the seven (7) Wausau Policies has a $1 million aggregate limit of liability"). It consistently adhered to that position in its Second Motion for Partial Summary Judgment (docket #141, pp. 2-3, 6) referring to seven policies with the "first policy" dated August 17, 1978, which "provides coverage through January 1, 1980" and "$1 million in coverage." Since all parties agreed that the first "1978-79 Policy" was a single policy, this court's rulings reflected that fact (docket #194).

Siltronic does not explain why it has now changed its position, except to argue that the policy is actually a "stub policy" with two liability limits for two different time periods. In support it cites cases in other jurisdictions holding that stub policies provide new limits where the policyholder pays a prorated premium for a policy extension. *Stonewall Ins. Co. v. Asbestos Claims Mgmt. Corp.*, 73 F3d 1178, 1216-17 (2nd Cir 1995); *Cadet Mfg. Co. v. Am. Ins. Co.*, 391 F Supp2d 884 (WD Wash 2005); *Board of Trs. of the Univ. of Ill. v. Ins. Corp. of Ireland, Ltd.*, 750 F Supp 1375, 1383-84 (ND Ill 1990), *aff'd* 949 F2d 329 (7th Cir 1992); *United States Mineral Prods. Co. v. Am. Ins. Co.*, 792 A2d 500, 504-05 (NJ App 2002). These cases reason that the premium is prorated to reflect a shortened length of time for which the insurer is exposed to the risk of loss, but not to the policy limits available for any loss during that time period.

Here, in contrast, as confirmed by the face of the policy itself (Proposed First Amended Complaint, Ex. A, p. 6), Wausau issued one policy for one premium covering one policy period which happened to be 16 months, instead of 12 months. It contains no provision for annual limits, but, to the contrary, contains the following provision:

> **10. Three Year Policy** If this policy is issued for a period of three years any limit of the company's liability stated in this policy as "aggregate" shall apply separately to each consecutive annual period thereof.

*Id*, p. 4.

Since the policy was issued for a period less than three years, it is not subject to applying the policy limits to annual periods. Nor does Siltronic allege that it paid a premium for 12 months and also paid a separate reduced premium for a "stub period" for another four months. The same is true for the Granite State policy. Wong Decl. (docket #214), Ex. 4, p. 6.

Unless and until Siltronic comes forward with some justification for its change in position after four years, it is bound by its prior allegations and representations. Accordingly, its

motion to amend to change the limits of liability for the first policy for the period 8/1/78-1/1/80 is denied.

## ORDER

Siltronic's Motion for Leave to File First Amended Complaint (docket #205 ) is GRANTED in part as to deletion of the claims against the two dismissed defendants and correction of minor, typographical errors and otherwise is DENIED.  Because the allowed amendments are minor, this court sees no need for Siltronic to file a First Amended Complaint. However, if Siltronic chooses to file a First Amended Complaint complying with this Order, it must do so by April 14, 2016.

DATED  March 31, 2016.

s/ Janice M. Stewart<br>
Janice M. Stewart<br>
United States Magistrate Judge