**Christopher L. Reive**, OSB # 833058
E-mail:  chris.reive@jordanramis.com
JORDAN RAMIS PC
Two Centerpointe Dr 6th Flr
Lake Oswego OR 97035
Telephone:  (503) 598-7070
      Attorneys for Plaintiff Siltronic Corporation

**Robert M. Horkovich**, Admitted *Pro Hac Vice*
E-mail: rhorkovich@andersonkill.com
Anderson Kill P.C.
1251 Avenue of the Americas
New York NY 10020
Telephone:  (212) 278-1322
      Attorneys for Plaintiff Siltronic Corporation

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **SILTRONIC CORPORATION, a Delaware corporation**,<br><br>    Plaintiff,<br><br>v.<br><br>**EMPLOYERS INSURANCE COMPANY OF WAUSAU, a Wisconsin corporation; GRANITE STATE INSURANCE COMPANY, a Pennsylvania corporation**,<br><br>    Defendants. | Case No. 3:11-CV-01493-YY<br><br>SILTRONIC CORPORATION'S MOTION TO REQUIRE WAUSAU TO COMPLY WITH THIS COURT'S ORDERS BY PAYING DEFENSE COSTS ON CURRENT BASIS<br><br>ORAL ARGUMENT REQUESTED |

### LR 7-1(a) CERTIFICATION

Pursuant to Local Rule 7-1(a), counsel for plaintiff Siltronic Corporation ("Siltronic") has meaningfully conferred with opposing counsel herein and certifies that the parties made a good-faith attempt to resolve the subject matter of this Motion but they have been unable to do so.

## INTRODUCTION

This Court has ordered defendant Employers Insurance Company of Wausau ("Wausau") in this litigation to defend and reimburse Siltronic against claims arising out of the Portland Harbor Superfund Site ("PHSS") investigations and related claims.  In spite of this Court's orders and subsequent repeated demands from Siltronic, Wausau has failed to comply with this Court's orders and has failed to fulfill or ignored its present defense obligations.  The umbrella insurance company excess of Wausau, defendant Granite State Insurance Company ("Granite State"), in light of this Court's orders, has declined to pay such costs it deems Wausau's defense responsibility.  The result is that Siltronic is placed, in spite of this Court's orders, in the untenable position of continuing to incur on its own such necessary and substantial defense costs that are Wausau's present obligation.  While its insurance companies point their respective fingers at each other, Siltronic is left to bear alone significant portions of the immediate defense liability, and those costs are rising rapidly to Siltronic's immediate prejudice.  This circumstance is contrary to Oregon law, contract, and as stated herein this Court's previous orders.

Defense expenses associated with a potential responsible party ("PRP") designation for the PHSS are undeniably significant, and failure to appropriately defend in such actions invites substantial liability exposure.  The United State's Environmental Protection Agency's ("EPA") most recent estimate of the total clean-up cost for the PHSS exceeds $746 million, and that amount only addresses the in-water work currently contemplated by EPA's Proposed Plan. (Declaration of Chris L. Reive ("Reive Dec."), ¶2.)  EPA's reported total cost estimate has been publically criticized as too low, and in any event does not include what has been, and will be, spent to investigate, control, and remediate upland sources of contamination to the PHSS. (Reive Dec., ¶5.)

Oregon law contemplates and prohibits this situation.  As explained in detail below, an insurance company is required to defend its policyholder independent of whether it has any

Page 2 –  SILTRONIC CORPORATION'S MOTION TO REQUIRE WAUSAU TO COMPLY WITH THIS
COURT'S ORDERS BY PAYING DEFENSE COSTS ON CURRENT BASIS

46454-38912 2278679_5\BJC/7/13/16

actual obligation to indemnify its insured under these factual circumstances.  More importantly for this motion, however, is that this Court already has considered and declared certain costs to be categorized as "defense" and that *all* Wausau policies at issue in this case have been triggered for *defense* purposes.  Wausau's previous arguments and assertions that some of the relevant policies have been exhausted through payment of policy limits, while factually disputed, are not relevant because even Wausau has never asserted that all triggered policies are exhausted.

Since issuance of the Court's orders in this case, Siltronic repeatedly has demanded that such defense costs be paid as they are incurred.  However, such demands have been either refused or ignored by Wausau.  With such defense costs mounting, Siltronic respectfully requests immediate assistance from this Court to enforce its own orders.

## I.    MOTIONS

Siltronic respectfully requests this Court order the following:

1.    Require Wausau to immediately pay Siltronic $90,377.78, plus interest on this amount since the date of first tender, which has been incurred by Siltronic as a NRD Phase 1B make-up payment and which Wausau has refused to pay. This Court already has declared these costs are defense costs and that Wausau has an existing duty to defend Siltronic.

2.    Require Wausau to immediately pay Siltronic $141,647.06 to reimburse Siltronic for fees incurred for work performed by its defense counsel's environmental consulting firm, Maul Foster Alongi. Umbrella insurance company Granite State has declined to pay these costs asserting that they fall within Wausau's existing defense obligation.

3.    Require Wausau to immediately pay Siltronic $66,033.88 to reimburse Siltronic for fees incurred for work performed by its defense counsel's environmental consulting firm, Maul Foster Alongi, and previously disallowed by Granite State as falling within Wausau's existing defense obligation.

Page 3 –  SILTRONIC CORPORATION'S MOTION TO REQUIRE WAUSAU TO COMPLY WITH THIS COURT'S ORDERS BY PAYING DEFENSE COSTS ON CURRENT BASIS

46454-38912 2278679_5\BJC/7/13/2016

4.      Require Wausau to immediately reimburse Siltronic for Independent Counsel Fees incurred from June, 2013 to April 22, 2016. Siltronic has demanded reimbursement of such fees and, to date, these costs remain unpaid. This Court already has declared that Wausau is responsible for these costs.

5.      In the alternative to the fourth item for relief presented above, and only in the event that Wausau disputes the amount demanded (not its obligation to reimburse Siltronic for those fees), Siltronic respectfully requests that this Court adopt a procedure to resolve disputes as to the sum Siltronic is requesting to hold Wausau accountable for meeting its ongoing defense obligations by paying past Independent Counsel fees as ordered by this Court.

6.      Require Wausau to promptly reimburse Siltronic on demand for all future Independent Counsel Fees as they are incurred within thirty (30) days from the date such demand for payment by Siltronic.

## II.      FACTS

Magistrate Stewart, on more than one occasion, summarized the extensive procedural and factual history of this lawsuit. *See* Docket ("Dkt.") #237, 1-3.  For brevity's sake, this entire history will not be restated here. However, several pieces bear repeating.

This Court has issued two pivotal orders that relate directly to Siltronic's requested relief. The first order was issued on September 2, 2015, in response to Siltronic's Second Motion for Summary Judgment on the issue of Wausau's continuing "duty to defend Siltronic under its first policies ('1978-79 Policy') and [whether Wausau] must reimburse Siltronic for unpaid defense costs." (Dkt. #141.)  The second order was issued on March 31, 2016 in response to Wausau's Motion for Partial Summary Judgment.  (Dkt. #237.)  Each of this Court's opinions and orders are discussed in turn below. In addition, extra-judicial communications between the parties will assist the Court in understanding the context that has compelled Siltronic to file these motions seeking enforcement.

Page 4 –   SILTRONIC CORPORATION'S MOTION TO REQUIRE WAUSAU TO COMPLY WITH THIS COURT'S ORDERS BY PAYING DEFENSE COSTS ON CURRENT BASIS

46454-38912 2278679_5/BJC/7/13/2016

**A.      The September 2, 2015 Order Established Wausau's Obligation to Defend.**

Wausau sold seven Comprehensive General Liability ("CGL") insurance policies to Siltronic.  (Dkt. #237, 1; *citing* Complaint, ¶ 9)  Each policy carried with it a minimum of $1 million each in indemnity coverage.  After tender related to claims arising out of the PHSS, Wausau defended with a reservation of rights until September 2009, when Wausau declared that it had exhausted six of the seven policies.[1]  (Dkt. #194.)  Wausau also then asserted that the first policies, the 1978-79 Policy, never were triggered.  (*See* Dkt. #194.)[2]  This Court subsequently disagreed.

On July 30, 2014, Siltronic moved for Partial Summary Judgment on the issue of Wausau's continuing duty to defend Siltronic under Wausau's 1978-79 Policy.  (Dkt. #141.)  This Court granted Siltronic's motion "as to Wausau's duty under the 1978-79 Policy to defend claims for damage arising from contamination from legacy MGP (and other contaminants covered by the DEQ and EPA actions) and on the Property during the policy period."  (Dkt. #194, 22.)  The Court explained that "Wausau's duty to defend Siltronic terminates only when all claims covered by the 1978-79 Policy related to MPG [*sic*] are settled, dismissed, or

---

[1] Siltronic asserts that the coverage provided by the 1978-79 Policy at issue in this suit encompasses two separate time periods – from August 1978 until December 31, 1978, and from January 1, 1979 until December 31, 1979.  Siltronic describes the former separately insured time period as a 'stub policy', which provides a separate insurance obligation with separate policy limits at issue in this case for purposes of the final exhaustion analysis.  Siltronic's claim is disputed, but for the purpose of this motion, this specific dispute is not material.  As explained *supra*, Wausau does not claim exhaustion of the 1978-79 Policies, regardless of the final determination of the total limits available.  Siltronic's reference to the "1978-79 Policy" herein specifically reserves its claim to the additional and separate stub policy protection and limits under the policy, the resolution of which is for another day.

[2] "Wausau declared exhaustion of the coverage limits under the six policies issued from 1980-86 and refused to pay any additional defense costs. Wausau contends that between 2003 and 2009, it not only paid the full $6 million in indemnity costs under those six policies, but also paid $7,699,837.00 in defense costs, including payments to attorneys, environmental consultants, and others."  (Dkt. #194, 5.)  (Internal citations omitted.)

otherwise reach final resolution, or when the $1 million indemnity limit of the 1978-79 Policy is exhausted."  (Dkt. #194, 15.)

**B.     The March 31, 2016 Order Established Certain Costs Were Properly Characterized as Defense Costs <u>and</u> Declared Siltronic's Right to Independent Counsel.**

In response to Wausau's Motion for Partial Summary Judgment, Dkt. # 190, this Court ruled that a $90,277.78 NRD Phase 1 participation make-up payment funded by Siltronic was a defense cost. The Court held "the Phase 1 make-up payment is properly characterized pursuant to ORS 465.480(7) as defense costs." Dkt. #237, 17.  Moreover, this Court recognized Wausau's refusal to pay this defense cost: "Since Wausau believes that it had already exhausted its indemnity obligation under its policies by the time of this payment, it has refused to reimburse Siltronic."  *Id.*, at 12.

Taken together, these decisions unequivocally establish that Wausau had and retains a continuing obligation to defend Siltronic – a defense obligation recognized by this Court's orders that Wausau is simply ignoring.  By Wausau's own account, it has not exhausted the 1978-79 Policy. Wausau's obligation, pursuant to orders of this Court, is to actively defend Siltronic.  It is an immediate obligation of the insurance company to act, not to simply sit on the sidelines to the policyholder's detriment and prejudice.

Wausau also sought in the same motion for partial summary judgment a declaration from this Court of the scope of Siltronic's entitlement to "independent counsel," which was triggered by the adoption of SB 814 (2013), amending the Oregon Environmental Cleanup Assistance Act. (Dkt. #190.)  Specifically, Wausau asked this Court to find that Wausau was not obligated to pay for two sets of counsel (insurance defense counsel *and* independent counsel) and sought to disqualify Jordan Ramis from acting in an independent counsel capacity because Siltronic, not Wausau, "selected" Jordan Ramis as its independent counsel. After analyzing the legislative history of SB 814, the legislation SB 814 was modeled after, and the Oregon ethics implications, this Court disagreed with Wausau's interpretation and declared that "Wausau is obligated to pay

Page 6 – SILTRONIC CORPORATION'S MOTION TO REQUIRE WAUSAU TO COMPLY WITH THIS COURT'S ORDERS BY PAYING DEFENSE COSTS ON CURRENT BASIS

46454-38912 2278679_5\BJC/7/13/2016

some or all of the attorney fees incurred by Mr. Reive since June 2013 to protect Siltronic's interest adverse to Wausau on coverage issues." (Dkt. #237, 32.)

Wausau subsequently moved for reconsideration of this Court's opinion on the issue of independent counsel. This Court denied "reconsideration of the ruling that Siltronic is entitled to select independent counsel at Wausau's expense" and clarified that independent counsel fees do not extend to the fees incurred in this insurance coverage lawsuit. (Dkt. #248.) Siltronic's motion herein does not seek immediate recovery of its litigation fees incurred in this lawsuit; that claim is reserved for another day.

**C.    Siltronic's Continuous Efforts to Seek Reimbursement of Defense Costs.**

Siltronic's repeated demands that Wausau undertake its defense obligations as ordered by this Court have, unfortunately, become routine. On April 22, 2016, Siltronic sent a letter to Harold Moore of Nationwide Indemnity Company, who administers the insurance policies sold by Wausau, demanding that Wausau undertake its defense obligations. (Declaration of Myron Burr in Support of Plaintiff Siltronic Corporation's Motion to Require Wausau to Comply With This Court's Orders by Paying Defense Costs On Current Basis ("Burr Dec."),¶2, Exhibit 1.) That same day, Siltronic requested reimbursement of its independent counsel fees in the amount of $626,307.50. (*Id.*, ¶3, Exhibit 2.) On April 28, 2016, Siltronic delivered a third letter to Mr. Moore demanding reimbursement of $66,033.88 for payment to MFA, which payment had previously been rejected by Granite State as falling within Wausau's continuing obligation to defend. (*Id.*, ¶4, Exhibit 3.) On June 9, 2016, Siltronic *again* requested reimbursement from Wausau for work performed by MFA in the amount of $51,422.50, which Granite State refused to pay on the basis that Wausau is obligated under the 1978-79 Policy to reimburse Siltronic for its defense costs. (*Id.*, ¶5, Exhibit 4.) On June 15, 2016, Siltronic sent a fifth letter pleading for reimbursement of its defense costs. (*Id.*, ¶6, Exhibit 5.) Wausau has failed to pay any of these defense costs as required by this Court's orders.

Page 7 – SILTRONIC CORPORATION'S MOTION TO REQUIRE WAUSAU TO COMPLY WITH THIS COURT'S ORDERS BY PAYING DEFENSE COSTS ON CURRENT BASIS

46454-38912 2278679_5\BJC/7/13/2016

Siltronic is left with no recourse for immediate relief other than this request for judicial intervention, seeking an order from this Court requiring Wausau to comply with the existing orders of this Court.

## III.      ARGUMENT AND AUTHORITIES

This Court firmly has established that Wausau has a duty to defend Siltronic. That duty exists today.  Furthermore, to give this Court's rulings "teeth" – this Court has authority to order specific performance of Wausau's defense obligation by ordering Wausau to undertake its defense obligation on a current basis. Wausau's defense obligation necessarily requires defense on an ongoing basis, rather than some feigned hope of eventual reimbursement at an unknown date in the distant future, after entry of a final judgment and the conclusion of all appeals. And finally, the awkward procedural posture of this case has left Siltronic in the position of continuously seeking reimbursement of defense costs where there is no question that Wausau's duty to defend has been triggered.

## A.      Applicable Law.

"It is well established that the district courts enjoy an inherent power to manage and control their own dockets. *See, e.g., Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936) (affirming 'the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants')." *United States v. Miljus*, CIV.06-1832-PK, 2009 WL 2095981, at *2 (D. Or. Feb. 19, 2009), *report and recommendation adopted*, CIV. 06-1832-PK, 2009 WL 1211307 (D. Or. May 1, 2009).

"A federal court may levy sanctions under its inherent power for willful disobedience of a court order, when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, and against counsel who willfully abuse judicial processes. The inherent power 'extends to a full range of litigation abuses,' however, the litigant must have 'engaged in bad faith or

Page 8 – SILTRONIC CORPORATION'S MOTION TO REQUIRE WAUSAU TO COMPLY WITH THIS COURT'S ORDERS BY PAYING DEFENSE COSTS ON CURRENT BASIS

46454-38912 2278679_5\BJC/7/13/2016

willful disobedience of a court's orders.'"  *Chao v. Westside Drywall, Inc.*, 709 F. Supp. 2d

1037, 1080 (D. Or. 2010), *as amended (May 13, 2010)* (internal citations omitted.)

**B.    The Determined Scope of Wausau's Duty to Defend.**

Wausau never has contended that it has exhausted its indemnity obligations under the

1978-79 Policy. Instead, it has argued that the 1978-79 Policy never was triggered.  (Dkt. #148.)

This Court has disagreed.  (Dkt. #162.)

More to the point, Wausau *cannot* now assert that it exhausted the 1978-79 Policy.  In

support of its argument that this first policy was not triggered, Wausau has asserted (which is

disputed as overstated) in the record before this Court that Wausau had exhausted only $6

million of the total indemnity coverage at issue.[3]  (*See* Moore Dec. in Support of Wausau's

Opposition to Siltronic Corporation's Second Motion for Partial Summary Judgment, Dkt. #150.)

Despite this Court's order declaring that the 1978-79 Policy has been triggered for

defense purposes, and despite the fact that Wausau cannot colorably maintain that is has

exhausted that policy's limits, Wausau continues to ignore its present obligation to defend

Siltronic. This Court has ordered that Wausau has a present obligation to defend.  Siltronic

repeatedly has demanded Wausau fulfill this obligation.  Both attempts to require Wausau's

compliance have been ignored.

**C.    Wausau's Policies Obligate Wausau to Defend Siltronic on a Current Basis (Rather Than Merely Eventually Reimburse Siltronic for its Defense Costs).**

The prior rulings of this Court in this case, the liability insurance policy sold by Wausau

to Siltronic, and State law require that Wausau defend Siltronic on a current basis. The defense

obligation in a liability insurance policy is more than just recognition of an insurance company's

right to sell an insurance policy and then leave the policyholder only with the expectation that,

---

[3] See footnote No. 1, *infra.*  Siltronic asserts total primary indemnity limits available under all
triggered policies in excess of $7 Million.  While Wausau disputes Siltronic's total coverage
claim, it concedes minimum total indemnity limits of not less than $7 Million under all triggered
policies.

some day after judgment and one or more appeals, the policyholder will receive a dollars judgment for defense costs. The defense obligation in a liability insurance policy, by its nature, requires that a liability insurance company pay defense costs *as they are incurred*. Any other rule simply would ignore a principal benefit provided by liability insurance policies, effectively writing the current defense benefit out of such policies any time an insurance company chooses to assert a contest.

Thus, Oregon law recognizes "[f]ailure to make timely payments for costs reasonably incurred in the defense of environmental claims" as an unfair environmental claims settlement practice. Or. Rev. Stat. Ann. § 465.484.[4] "The duty to defend requires that the insurer exercise reasonable care to protect its insured's interests, in addition to its own," *Maine Bonding & Cas. Co. v. Centennial Ins. Co.,* 298 Or. 514, 519, 693 P.2d 1296, 1299 (1985), and failure to pay on a current basis the defense costs this Court already has ordered wholly disregards Siltronic's interest and protects only Wausau. Even under policies which do not impose a duty to defend, but cover defense expense as a "loss item" within the insurance company's duty to indemnify, courts hold that the insurance company must "pay defense expenses *as incurred*." *Gon v. First State Ins. Co.,* 871 F.2d 863, 867-68 (9th Cir. 1989) (emphasis added); see also *Okada v. MGIC Indem. Corp.,* 823 F.2d 276 (9th Cir. 1986).

The insurance company's duty to defend is a present obligation – not a license to ignore the policyholder while litigation against the policyholder may extend for years and years. Failure by an insurance company like Wausau to timely perform its duty to defend "denies an insured party the benefit of the 'litigation insurance' for which it has paid." *Fitzpatrick v. Am. Honda Motor Co.*, 78 N.Y.2d 61, 70, 571 N.Y.S.2d 672, 677, 575 N.E.2d 90, 95 (1991).

---

[4] This Court has denied amendment of the pleadings in this action to allege a claim for unfair environmental claims settlement practice, and Siltronic refers herein to the standard cited above solely to show the statutory requirement of timely payment, and not to seek any additional or different remedy herein.

Page 10 –  SILTRONIC CORPORATION'S MOTION TO REQUIRE WAUSAU TO COMPLY WITH THIS COURT'S ORDERS BY PAYING DEFENSE COSTS ON CURRENT BASIS

46454-38912 2278679_5\BJC/7/13/2016

The only way to give meaning to the requirement of timely payment of defense costs is to have an enforcement mechanism when the defense obligation is unambiguous, as it now is in this case. In light of this Court's rulings, Wausau's present duty to defend Siltronic is express and immediate. Wausau has, by its inaction, ignored this duty recognized by this Court.

**D.    Equitable Considerations Favor Requiring Wausau to Immediate Comply With This Court's Orders.**

The import of the totality of this Court's prior rulings is that Wausau's declaration of total policy limits exhaustion was premature, and Wausau has had and retains a present obligation to defend Siltronic because applicable and triggered policy limits have not been exhausted through payment. Regardless of any existing contest over how much Siltronic unnecessarily has paid or lost as a result of Wausau's premature action and alleged breach of its insurance contracts, which remain issues to resolve in this lawsuit, at an absolute minimum Wausau presently is obligated pursuant to this Court's orders to resume its responsibility to defend.

It should also be noted that this case's procedural posture places Siltronic in a peculiar position which Oregon law specifically seeks to avoid.

In *North Pacific Ins. Co. v. Wilson's Distributing Service, Inc.*, 138 Or. App. 166, 170 (1995), the Court considered "whether an insurer may avoid its duty to defend by developing evidence in a declaratory judgment proceeding, commenced before the underlying action is concluded, to show that its policy does not cover the claim being asserted in the underlying tort action." *Id.* The Court noted the "fundamental rule that the duty of an insurer to defend an action against its insured is independent of its duty to indemnify." *Id.,* see, *Ledford v. Gutoski*, 319 Or. 397, 399 (1994) ("Whether an insurer has a duty to defend an action against its insured depends on two documents: the complaint and the insurance policy."). The Court concluded: "We hold that, as a matter of law, plaintiff was not entitled to a declaration in this proceeding that it was not required to defend Wilsons in the underlying tort action." *Id.* at 174. The Court

46454-38912 2278679_5\BJC/7/13/2016

reasoned that the duty to defend must be evaluated looking only to the facts alleged in a complaint:

> What plaintiff has attempted to do here is to litigate, at least in part, the Wilsons' liability too C-CE in the underlying tort action, putting the [insured] in the conflictive position of being required to abandon their denial of liability in that action in order to come within the exception to the policy exclusion. They were required to come forward in this proceeding with evidence that they caused some of the pollution of C-CE's property but that the pollution was the result of sudden and accidental releases of the contaminants claimed by C-CE to have originated on the Wilsons' property. **An insurer may not put its insured in that position**.

*Id.* at 175 (emphasis added.)

In other words, because Siltronic's insurance company, Wausau, has breached its obligation to defend and now refuses to comply with this Court's existing orders, Siltronic is in exactly the place Oregon courts have said it should not be; Siltronic is being forced to assert facts in this suit that it should be allowed to freely contest in the context of its necessary defense. This Court's orders recently have recognized this circumstance and that Wausau's defense obligation was triggered upon tender under the 1978-79 Policy. Wausau now is obligated to defend. Yet, and in spite of Siltronic's repeated demands and this Court's orders, Wausau continues to ignore this present obligation imposed by this Court. This precisely is the conduct by an insurance company that Oregon law seeks to prohibit.

## CONCLUSION

As set out above, Siltronic is left with no other option than to respectfully request that this Court enforce its orders. Wausau has deserted its defense obligation to Siltronic. To date, even this Court's orders establishing that Wausau has a continuing duty to defend Siltronic has

/////

/////

/////

/////

Page 12 – SILTRONIC CORPORATION'S MOTION TO REQUIRE WAUSAU TO COMPLY WITH THIS COURT'S ORDERS BY PAYING DEFENSE COSTS ON CURRENT BASIS

not motivated Wausau to undertake its obligation to defend.  With mounting costs, Siltronic

respectfully requests this Court to order Wausau's compliance with this Court's own orders.

Dated this 13th day of July, 2016.

By:  _s/_ Robert M. Horkovich

**ROBERT M. HORKOVICH**
Admitted *Pro Hac Vice*
Anderson Kill P.C.
1251 Avenue of the Americas
New York NY 10020
Telephone:  (212) 278-1322
E-mail:  rhorkovich@andersonkill.com
Attorneys for Plaintiff Siltronic
Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on the date shown below, I served a true and correct copy of the foregoing **SILTRONIC CORPORATION'S MOTION TO REQUIRE WAUSAU TO COMPLY WITH THIS COURT'S ORDERS BY PAYING DEFENSE COSTS ON CURRENT BASIS** on:

| | |
|---|---|
| W. David Campagne<br>Stephen R. Wong<br>Sinnott, Puebla, Campagne & Curet P.C.<br>Two Embarcadero Center Ste 1410<br>San Francisco CA 94111<br>Facsimile: (415) 352-6224<br>E-mail: dcampagne@spcclaw.com<br>E-mail: swong@spcclaw.com<br>    Attorneys for Defendant Granite State<br>    Insurance Company | Thomas W. Brown<br>Cosgrave Vergeer Kester LLP<br>888 SW Fifth Ave Ste 500<br>Portland OR 97204<br>Facsimile: (503) 323-9019<br>E-mail: tbrown@cosgravelaw.com<br>    Attorneys for Defendant Granite<br>    State Insurance Company |
| Bryan M. Barber<br>Barber Law Group<br>525 University Ave Ste 600<br>Palo Alto CA 94301-1921<br>Facsimile: (415) 273-2940<br>E-mail: bbarber@barberlg.com<br>    Attorneys for Defendant Employers<br>    Insurance Company of Wausau | Barry J. Goehler<br>Law Office of Barry J. Goehler<br>1001 SW 5th Ave Ste 1530<br>Portland OR 97204<br>Facsimile: (503) 820-2513<br>E-mail: goehleb@nationwide.com<br>    Attorneys for Defendant Employers<br>    Insurance Company of Wausau |

[ ]    by first class mail, postage prepaid.

[ ]    by hand delivery.

[ ]    by facsimile transmission.

[ ]    by facsimile transmission and first class mail, postage prepaid.

[X]    by ECF.

[ ]    by electronic transmission and first class mail, postage prepaid.

DATED: July 13, 2016.

_s/ Christopher L. Reive_
Christopher L. Reive, OSB # 833058
Attorneys for Plaintiff Siltronic Corporation