UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

SILTRONIC CORPORATION, a Delaware
corporation,

                  Plaintiff,                            Case No. 3:11-cv-1493-YY

            **v.**                                    **FINDINGS AND**
                                                      **RECOMMENDATIONS**

**EMPLOYERS INSURANCE COMPANY
OF WAUSAU; and GRANITE STATE
INSURANCE COMPANY,**

                  Defendants.

YOU, Magistrate Judge:

On August 12, 2016, Plaintiff Siltronic Corporation ("Siltronic") filed a First Amended

Complaint (ECF #259). Defendants Employers Insurance Company of Wausau ("Wausau") and

Granite State Insurance Company ("Granite State") have filed Motions to Strike Plaintiff's First

Amended Complaint (ECF ##262, 269). Siltronic subsequently filed a Second Motion for Leave

to File First Amended Complaint ("Second Motion")(ECF #273). For the reasons discussed

below, defendants' motions to strike should be GRANTED but plaintiff's Second Motion to File

First Amended Complaint should be GRANTED in part and DENIED in part.

//

//

1 – FINDINGS AND RECOMMENDATIONS

## FINDINGS

### I.    Defendants' Motions to Strike Plaintiff's First Amended Complaint

On March 31, 2016, Judge Janice Stewart issued an Opinion and Order on Siltronic's

Motion for Leave to File First Amended Complaint (ECF #205).  Judge Stewart denied the

motion but allowed Siltronic to make minor typographical errors and file an amended complaint

to that effect.  Judge Stewart's order reads in pertinent part as follows:

> Siltronic's Motion for Leave to File First Amended Complaint
> (docket #205) is GRANTED in part as to deletion of the claims
> against the two dismissed defendants and correction of minor,
> typographical errors and otherwise is DENIED. Because the
> allowed amendments are minor, this court sees no need for to file a
> First Amended Complaint. However, if Siltronic chooses to file a
> First Amended Complaint complying with this Order, it must do so
> by April 14, 2016.

*Id.* at 9.

On that same date, the court also issued an order on Wausau's Motion for Partial

Summary Judgment.  (ECF #237).  Thereafter, the parties were busy litigating issues related to

Wausau's motion for reconsideration and clarification of Judge Stewart's order.  On June 10,

2016, Judge Stewart issued an order on Wausau's motion for reconsideration.  (ECF #238).

Following Judge Stewart's retirement, the court held a telephone status conference with

the parties on July 22, 2016.  The court saw that Siltronic had not yet filed a first amended

complaint as permitted by Judge Stewart's order, and gave Siltronic a final opportunity to do so

by issuing the following minute order later that same date:

> **MINUTES of Proceedings:** Status Conference held. Magistrate
> Judge Youlee Yim You presiding. **ORDER:** Parties shall confer
> and submit a Joint Status Report by 8/12/2016. First Amended
> Complaint (if any) is also due 8/12/2016.

Siltronic misunderstood the last sentence of this minute order as an "unrestricted" order. Second Motion, 12. That was an unreasonable interpretation of the court's July 22, 2016 order and an unreasonable interpretation of FRCP 15.

Nothing in the telephone conference or minute order would have reasonably signaled Siltronic to conclude that it had *carte blanche* authority to file a first amended complaint with no restriction as to subject matter. Judge Stewart had just denied Siltronic's motion to file a first amended complaint. The words "if any" in this court's July 22, 2016 minute order echoed Judge Stewart's observation that there was no need for Siltronic to file an amended complaint because "the allowed amendments are minor." Opinion and Order (ECF #239), 9.

Additionally, Siltronic's actions run contrary to FRCP 15(a)(2), which by its plain terms requires permission of the court before filing an amended complaint.[1] To assume the court would blindly accept something before even seeing it—and before giving the opposing party an opportunity to weigh in on it—is an unreasonable interpretation of FRCP 15. The motion to strike therefore should be granted.

## II.    Plaintiff's Motion for Leave to Amend

Siltronic has filed its second motion to amend the complaint as a "necessary precaution" should the court grant defendants' motion to strike. Second Motion (ECF #273), 2. Because Siltronic makes many of same arguments it raised with respect to its first motion to file an amended complaint—a motion that was previously denied by Judge Stewart—its motion should be denied in part. However, the court should allow Siltronic to amend the complaint to reflect recent developments in the underlying facts of the case.

//

---

[1] FRCP also allows the filing of an amended complaint with the opposing party's written consent, which was not provided in this case.

### A.  Standard of Review

Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires."  However, leave to amend "is not to be granted automatically."  *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (emphasis added).  The court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., [and] futility of amendment.'"  *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892-93 (9th Cir. 2010)(quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962))(alterations in original).  In its exercise of discretion, the court may also properly consider whether allowing additional claims at a late date will require further discovery, resulting in prejudice to the opposing party and a delay of the proceedings.  *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

### B.  Stub Policy Amendment

Siltronic proposes to amend the complaint to allege two policies with separate policy limits of $1 million each, instead of one policy with a single policy limit of $1 million, for the period between August 17, 1978, and January 1, 1980.  In her March 31, 2016 order, Judge Stewart expressly rejected this "stub policy" amendment on two grounds, both of which are still applicable.

First, Judge Stewart denied the motion to amend because the "new allegation directly contradicts Siltronic's prior allegations."  Opinion and Order (ECF #239), 7.  Since 2011, when the complaint was filed, Siltronic had consistently taken the position that there is only one policy.  The original complaint, for example, refers to one "1978-1980 Policy."  Complaint (ECF #1), 13.  Siltronic also referred to a single "policy" many times in its summary judgment motion.

*See* Wausau's Opposition to Siltronic's Second Motion for Leave to File First Amended

Complaint (ECF #278), 4-6).  Defendants and the court have relied on these representations, and

the court has issued rulings based on those representations.  In denying the previous motion to

amend, Judge Stewart therefore held that, "[u]nless and until Siltronic comes forward with some

justification for its change in position after four years, it is bound by its prior allegations and

representations."  Opinion and Order (ECF #239), 8.  Siltronic has yet to come up with any

justification for its change in position.

 Siltronic asserts that it has new factual support for its stub policy argument.  Specifically,

Siltronic proffers a declaration from paralegal Jeanelle Setzer who states that, on February 1,

2016, she received documents showing a stub policy premium for the period between August 17,

1979, and January 1, 1980:

> 2.  On or about February 1, 2016, Jordan Ramis PC received a
> USPS mailing envelope from the Barber Law Group. The mailing
> envelope contained a supplement production of 305 pages of
> insurance policy documents from Wausau's counsel, Bryan
> Barber, with no cover letter, presumably in response to outstanding
> document requests. See Exhibit 1 attached hereto, which is a true
> and correct copy of the USPS mailing envelope.
>
> 3.  Wausau's February 1, 2016 production was Bates-stamped
> WAU007396-WAU007700 and included **documents relating to
> calculation and payment of a separate premium for the four-
> month "stub period" from August 17, 1979 to January 1, 1980**,
> after the initial premium for the 12-month period of August 17,
> 1978 to August 17, 1979. See Exhibit 2, Batesstamped pages
> WAU007402 and WAU007421, which are true and correct copies
> of excerpts from Wausau's February 1, 2016 document production.

Declaration of Jeanelle Setzer (ECF #274)(emphasis added).  The document referred to in

Setzer's declaration is Endorsement 11, which references the period between August 17, 1979

and January 1, 1980, and a premium amount of $6,588.  *Id.*, Ex. 2.

However, this is not new evidence. Wausau previously provided this document to Siltronic on November 23, 2015, before Siltronic filed its first motion to amend the complaint on December 18, 2015. Declaration of Bryan Barber (ECF #280), 2. And Siltronic admits it has had this document in its possession. Reply (ECF #283), 10-11.

Judge Stewart also denied the first motion to amend on the ground that amendment would be futile. As Judge Stewart found, there is only one, single 16-month policy for the period between August 17, 1978, and January 1, 1980. Policy No. 2320 00 039640 expressly states that the "Policy Period" is "From 8 17 78 to 1 1 80."[2] Complaint (ECF #1), Ex. A, 6.

Additionally, condition No. 10 unambiguously sets the aggregate limit at $1 million for any policies that are under three years.

> **10. Three Year Policy** If this policy is issued for a period of three years any limit of the company's liability stated in this policy as "aggregate" shall apply separately to each consecutive annual period thereof.

First Amended Complaint (ECF #259), 4. As Judge Stewart correctly held, "[s]ince the policy was issued for a period less than three years, it is not subject to applying the policy limits to annual periods." Opinion and Order (ECF #239), 8. Permitting Siltronic to amend its complaint would contradict the plain language of the policy and therefore would be futile.

**C.    OECAA Amendments**

Siltronic next moves to amend the complaint to add claims under the Oregon Environmental Claims Assistance Act ("OECAA"). The proposed amendments, however,

---

[2] Siltronic cites *Cadet Mfg. Co. v. American Ins. Co.*, 391 F. Supp. 2d 884, 890 (W.D. Wash. 2005), in support of its argument that "[t]here need not be a separate policy with a separate policy number to establish" a stub policy exists. *Cadet* is factually distinguishable, however, because it involved an extension of an existing policy. Here, the original policy unequivocally states the "Policy Period" is 16 months, "[f]rom 8 17 78 to 1 1 80." Complaint (ECF #1), Ex. A, 6.

appear to be in essentially the same form as those previously proposed—and rejected by Judge

Stewart—in Siltronic's first motion for leave to file an amended complaint.

For example, in paragraphs 51 through 59 of Siltronic's current proposed first amended

complaint, Siltronic lays out its claims under SB 814, the Oregon Environmental Claims

Assistance Act. First Amended Complaint (ECF #259), ¶¶51-59. That language is almost

identical to paragraphs 43 through 55 of Siltronic's initial proposed First Amended Complaint.

Motion for Leave to File Amended Complaint (ECF #205), Att. 1, ¶¶43-50. Siltronic's OECAA

claims under its First and Second Claims for Relief also appear to be essentially identical as

those it had previously alleged.

Siltronic contends that Judge Stewart's prior order dealt with the Third Claim of Relief

only. That is incorrect. Judge Stewart's ruling pertained to Siltronic's "Proposed Third Claim &

*Related Allegations*." Opinion and Order (ECF #239), 3 (emphasis added). If there was any

ambiguity in Judge Stewart's opinion, it is clarified by her order, which clearly and

unambiguously states that Siltronic's motion is "otherwise DENIED." *Id*. at 9. Moreover, Judge

Stewart specifically addressed the proposed OECAA amendments and found there was "some

basis to conclude" they were untimely. *Id.* at 3. Although SB 814 was passed in June 2013,

Siltronic had waited over two years to move to amend its complaint to add the OECAA claims.

*Id.*

Judge Stewart also found, at least in part, that the amendments would be futile. *Id*.

Specifically, Judge Stewart found that the original complaint already included a claim for

reimbursement of "all defense costs caused by the environmental claims." *Id.* Judge Stewart

held that "[t]his allegation is sufficiently broad to include the new allegation by Siltronic to

recover defense costs which it has paid to Jordan Ramis." *Id.*  Judge Stewart's order is, as defendants assert, the law of the case and should remain undisturbed.

### D.    Amendments based on matters post-dating motion to amend

#### 1.    OECAA Allegations Based On Wausau's "Recalcitrant Failure" After March 31, 2016 to Comply With Court Orders

Siltronic also seeks to amend its complaint to add new new allegations under the OECAA for Wausau's purported failure to comply with Judge Stewart's orders regarding Wausau's duty to defend and its duty to pay Siltronic's independent defense counsel.  It seeks treble damages under the OECAA for Wausau's alleged non-compliance.

Wausau, however, has not failed to comply with Judge Stewart's orders, as discussed extensively in this court's Findings and Recommendation dated November 14, 2016 (ECF #286).  Accordingly, Siltronic's motion to amend on this ground should be denied.

#### 2.    2016 UAO and Rhone-Poulenc Facts

Finally, Siltronic seeks to amend the complaint to add factual information regarding the Oregon Department of Environmental Quality's ("DEQ's") 2016 Unilateral Administrative Order ("UAO") and background details surrounding the issuance of that order.

During investigation conducted as part of the Portland Harbor Superfund site proceedings, it was discovered that Rhone-Poulenc, which owns property adjacent and upgradient to Siltronic, had been releasing dioxin wastes into the groundwater for 40 years in the course of creating pesticides such as Agent Orange.  The DEQ concluded that Rhone-Poulenc's contaminated groundwater created a pathway to the Willamette River in the area below the Siltronic property.  The DEQ ordered Siltronic to conduct a Remedial Investigation/Feasibility related to the portion of the Siltronic property impacted by Rhone-Poulenc's dioxin-related contaminants.  This was done through DEQ's Unilateral Order No. OPSR-NWR-16-02 ("2016

UAO") issued on August 16, 2016.  The 2016 UAO expressly supersedes DEQ's prior 2004 order issued to Siltronic, Order No. VC-NWR-03-16 ("2004 Order").  The hazardous substances and contaminants at issue in the 2016 UAO include total petroleum hydrocarbons, polycyclic aromatic hydrocarbons, and contaminants associated with the redistribution of MGP waste from the former GASCO MGP operations, and pesticides from the Rhone-Poulenc site.

Neither Wausau nor Granite State appears to strongly oppose the proposed amendments related to Rhone-Poulenc or the 2016 UAO.  Wausau admits that in a letter dated September 8, 2016, it agreed to defend Siltronic as to the 2016 UAO under a full reservation of rights.  Wausau's Opposition (ECF #278), 10.  Granite State argues that "the 2016 UAO does not appear to do anything except replace and expand upon a prior order regarding TCE contamination, and Siltronic fails to provide any cogent explanation as to why this requires the filing of an amended complaint."  Granite State's Memorandum of Points and Authorities (ECF #281), 8.  At oral argument, counsel for Granite State argued that ""[t]he additional new order…can be subsumed within the current pleadings as the case is."  Tr. 50 (ECF #292).

The defendants have established no prejudice for why Siltronic should be precluded from amending the complaint to add facts pertaining to the 2016 UAO.  The 2016 UAO supersedes the 2004 Order, which was the subject of the original complaint.  *See* Complaint (ECF #1), 9.  Accordingly, this amendment should be allowed.

## <u>RECOMMENDATION</u>

For the reasons stated, defendants' motions to strike plaintiff's first amended complaint (ECF ##262, 269) should be GRANTED.  Plaintiff's subsequently filed second motion to file a first amended complaint (ECF #273), however, should be GRANTED in part and DENIED in part.

## SCHEDULING ORDER

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due Thursday, February 02, 2017. If no objections are filed, then the Findings and Recommendations will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendations will go under advisement.

## NOTICE

This Findings and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED January 19, 2017.


/s/Youlee Yim You
Youlee Yim You
United States Magistrate Judge