IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SILTRONIC CORPORATION,<br>a Delaware corporation,<br><br>          Plaintiff,<br><br>v.<br><br>EMPLOYERS INSURANCE COMPANY<br>OF WAUSAU, a Wisconsin<br>corporation; and GRANITE<br>STATE INSURANCE COMPANY,<br>a Pennsylvania corporation,<br><br>          Defendants. | 3:11-cv-01493-YY<br><br>ORDER |

**BROWN, Judge.**

    Magistrate Judge Youlee Yim You issued Findings and Recommendation (F&R) (#286) on November 14, 2016, in which she recommends the Court deny Plaintiff's Motion (#250) to Require Wausau to Comply With This Court's Orders By Paying Defense Costs on Current Basis. Plaintiff Siltronic Corporation filed timely Objections to the Findings and Recommendation. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal

1 - ORDER

Rule of Civil Procedure 72(b).

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1). *See also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

## BACKGROUND

Plaintiff filed this action against its insurance carriers[1] for declaratory judgment and breach of contract to determine and to allocate financial responsibility pursuant to the insurance policies issued by the carriers for environmental clean-up claims arising out of the Portland Harbor Superfund Site.

Employers Insurance Company of Wausau (Wausau) issued several Comprehensive General Liability Policies to Plaintiff for the period between 1978 and 1986. Wausau defended Plaintiff on various environmental claims until September 2009 when Wausau concluded the indemnity limits of the policies covering the period from 1980-86 were exhausted.

At issue is the interpretation of two Orders issued by

---

[1] Plaintiff initially named several insurance companies. Only the Defendants named in the caption remain in this case.

Magistrate Judge Janice M. Stewart.[2]

The first Order at issue is Magistrate Judge Stewart's Opinion and Order (#194) issued September 15, 2015, in which she granted in part and denied in part Plaintiff's Motion (#141) for Partial Summary Judgment against Defendant Wausau. Magistrate Judge Stewart held Wausau had a duty to defend claims for environmental damage under the policy issued for coverage during 1978-79, but Wausau did not have any obligation under the same policy to pay defense costs incurred by Plaintiff prior to its tender of defense on June 23, 2003. Magistrate Judge Stewart deferred the issue whether Wausau had breached its duty to defend under the 1978-79 policy after the tender of defense on June 23, 2003.

The second Order at issue is Magistrate Judge Stewart's Opinion and Order (#237) issued March 31, 2016, in which she held, in part, that Plaintiff is entitled to select "independent counsel" at Wausau's expense.

Based on these Orders, Plaintiff filed the instant Motion (#250) to require Wausau to reimburse Plaintiff for certain expenses and fees incurred in connection with the underlying environmental clean-up. In its Motion Plaintiff sought

---

[2] Although this case was originally assigned to Magistrate Judge Stewart who handled the matter with full consent of the parties, the case was reassigned to Magistrate Judge You when Magistrate Judge Stewart retired. Subsequently, the parties withdrew their consent.

3 - ORDER

reimbursement for $90,278 plus interest, which was an expense Plaintiff incurred as part of its allocated share of the funding for Phase 1 of the environmental clean-up. Plaintiff also seeks reimbursement for consulting fees incurred by its counsel for work performed by an environmental consulting firm.

## DISCUSSION

As noted, Magistrate Judge You recommends in the F&R that this Court deny Plaintiff's Motion on the grounds that (1) the Court has not determined Wausau breached its duty to defend pursuant to the 1978-79 policy; (2) the Court must determine an expense was reasonable and necessary before compelling payment, and this issue was not raised nor was evidence submitted to resolve it; and (3) there was not any evidence submitted to show that the requested consulting fees were incurred in connection with the defense of the underlying environmental action rather than incurred in litigating coverage disputes (and the latter would not be covered under the policy).

Plaintiff notes in its Objections that Wausau reimbursed Plaintiff for the $90,278 expense after Magistrate Judge You issued the F&R. Plaintiff points out that Wausau, however, failed to pay any accrued interest and that it is obligated to pay such interest.

Plaintiff also objects to the F&R on the grounds that

4 - ORDER

(1) there is not any requirement that Plaintiff must demonstrate a breach of the duty to defend before being entitled to reimbursement for the expenses of defense, (2) that Plaintiff has made a showing that the fees sought relate to the environmental action, and (3) that Wausau is obligated to pay Plaintiff the accrued interest on the $90,278 expense.

This Court has carefully considered Plaintiff's Objections and concludes they do not provide a basis to modify the F&R. The Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendation.

As noted, Wausau has now paid Plaintiff the $90,278 expense payment even though Magistrate Judge You concluded in the F&R that Wausau was not required to pay that expense at this stage. Although Plaintiff contends in its Objections that Wausau is also obligated to pay the accrued interest on that expense, Wausau points out that the demand for interest was not before the Magistrate Judge and, therefore, is outside of the scope of the F&R. This Court, accordingly, does not address that issue.

## CONCLUSION

The Court **ADOPTS** Magistrate Judge You's Findings and Recommendation (#286) and, therefore, **DENIES** Plaintiff's Motion (#250) to Require Wausau to Comply With This Court's Orders By

5 - ORDER

Paying Defense Costs on Current Basis.

    IT IS SO ORDERED.

    DATED this 16th day of February, 2017.

                                    */s/ Anna J. Brown*
                              ANNA J. BROWN
                              United States District Judge