IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SILTRONIC CORPORATION,<br>a Delaware corporation, | 3:11-cv-01493-YY |
| Plaintiff, | ORDER |
| v. | |
| EMPLOYERS INSURANCE COMPANY<br>OF WAUSAU, a Wisconsin<br>corporation, and GRANITE<br>STATE INSURANCE COMPANY,<br>a Pennsylvania corporation, | |
| Defendants. | |

**BROWN, Judge.**

　　Magistrate Judge Youlee Yim You issued Findings and Recommendation (F&R) (#300) on January 19, 2017, in which she recommends the Court grant the Motions (#262, #269) to Strike Plaintiff's First Amended Complaint filed by Defendant Employers Insurance Company of Wausau and Defendant Granite State Insurance Company and grant in part and deny in part Plaintiff Siltronic Corporation's Second Motion (#273) for Leave to File First

1 - ORDER

Amended Complaint. Plaintiff filed timely Objections to the F&R. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

When any party objects to any portion of the Magistrate Judge's F&R, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1). *See also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

## BACKGROUND

On December 9, 2011, Plaintiff filed this action against its insurance carriers for declaratory judgment and breach of contract to determine and to allocate financial responsibility pursuant to the insurance policies issued by the carriers for environmental clean-up claims arising out of the Portland Harbor Superfund Site.

On December 18, 2015, Plaintiff filed a Motion (#205) for Leave to File a First Amended Complaint. On March 31, 2016, Magistrate Judge Janice M. Stewart[1] issued an Opinion and Order (#239) granting in part and denying in part Plaintiff's Motion as

---

[1] Although this case was originally assigned to Magistrate Judge Stewart who handled the matter with full consent of the parties, the case was reassigned to Magistrate Judge You when Magistrate Judge Stewart retired. Subsequently, the parties withdrew their consent.

follows:

> Siltronic's Motion for Leave to File First Amended Complaint (docket #205) is GRANTED in part as to deletion of the claims against the two dismissed defendants and correction of minor, typographical errors and otherwise is DENIED. Because the allowed amendments are minor, this court sees no need for Siltronic to file a First Amended Complaint. However, if Siltronic chooses to file a First Amended Complaint complying with this Order, it must do so by April 14, 2016.

Order (#239) at 9.

On July 22, 2016, Magistrate Judge You held a telephone status conference with the parties. As indicated in the F&R, Magistrate Judge You noted Plaintiff had not yet filed its first amended complaint as permitted by Magistrate Judge Stewart. Magistrate Judge You gave Plaintiff a final opportunity to do so by August 12, 2016. *See* Docket #253.

On August 12, 2016, Plaintiff filed a First Amended Complaint (#259).

On August 25, 2016, Wausau filed a Motion (#262) to Strike Plaintiff's First Amended Complaint. On September 2, 2016, Granite also filed a Motion (#269) to Strike Plaintiff's First Amended Complaint. Defendants move to strike Plaintiff's First Amended Complaint on the grounds that it contains allegations for which Siltronic did not seek leave to amend as well as allegations that Magistrate Judge Stewart specifically denied Plaintiff leave to include in its First Amended Complaint.

On September 12, 2016, Plaintiff then filed a Second Motion

3 - ORDER

(#273) for Leave to File First Amended Complaint.

## DISCUSSION

As noted, the Magistrate Judge recommends this Court grant Defendants' Motions to Strike on the ground that Plaintiff misunderstood the Court's Order allowing the filing of an amended complaint as demonstrated by the fact that Plaintiff went beyond Magistrate Judge Stewart's Order without first seeking leave of Court. Plaintiff does not object to this part of the Magistrate Judge's recommendation.

The Magistrate Judge, however, also recommends this Court grant Plaintiff's Second Motion to Amend only as to Plaintiff's proposed amendments based on the Unilateral Administrative Order (UAO) issued by the Oregon Department of Environmental Quality (DEQ) on August 16, 2016, for clean-up of additional hazardous substances and contaminants from an adjacent property. The Magistrate Judge otherwise recommends this Court deny Plaintiff's proposed amendments as futile and/or precluded by Magistrate Judge Stewart's Order. Plaintiff objects to this portion of the F&R.

This Court has carefully considered Plaintiff's Objections and concludes they do not provide a basis to modify the F&R. The Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's

4 - ORDER

Findings and Recommendation.

## CONCLUSION

The Court **ADOPTS** Magistrate Judge You's Findings and Recommendation (#300) and, therefore:

1.   **GRANTS** Defendants' Motions (#262, #269) to Strike Plaintiff's First Amended Complaint and, accordingly, **STRIKES** Plaintiff's First Amended Complaint (#259).

2.   **GRANTS in part** Plaintiff's Second Motion (#273) for Leave to File First Amended Complaint to allow Plaintiff to amend its Complaint only as to the DEQ's UAO of August 16, 2016, and **DENIES** the remainder of Plaintiff's Second Motion.

3.   Plaintiff has leave to file a Second Amended Complaint which complies with this Order **no later than March 6, 2017**.  This matter is returned to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

DATED this 23rd day of February, 2017.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

5 - ORDER