UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**SILTRONIC CORPORATION**, a Delaware corporation,

        Plaintiff,

v.

**EMPLOYERS INSURANCE COMPANY OF WAUSAU; and GRANITE STATE INSURANCE COMPANY,**

        Defendants.

Case No. 3:11-cv-01493-YY

**FINDINGS AND RECOMMENDATIONS**

YOU, Magistrate Judge:

    Before the court is Plaintiff Siltronic Corporation's ("Siltronic") Motion for Leave to File Second Amended Complaint, filed March 31, 2017 (ECF #310). Defendants Employers Insurance Company of Wausau ("Wausau") and Granite State Insurance Company ("Granite State") have filed memoranda in opposition to Siltronic's motion (ECF ##316, 317), and Siltronic replied (ECF #319). The issues presented are straightforward and fully briefed, and oral argument would not be helpful to resolve the matter. *Willis v. Pac. Mar. Ass'n*, 244 F.3d 675, 684 n. 2 (9th Cir. 2001) (district courts have discretion to decide motions without oral argument); D. Or. L.R. 7–1(d)(1) (motions are decided without oral argument "unless the Court determines that oral argument would help it resolve the matter"). For the reasons that follow, Siltronic's motion (ECF #310) should be GRANTED in part and DENIED in part.

1 – FINDINGS AND RECOMMENDATIONS

**FINDINGS**

Siltronic seeks to amend the complaint in three respects: (1) allege two new developments involving the EPA's January 2017 Portland Harbor Superfund Site ("PHSS") Record of Decision ("ROD") and a February 2017 lawsuit filed by the Confederated Tribes and Bands of the Yakama Nation ("Yakama Nation Action"); (2) update costs and figures; and (3) add four additional defendants: Century Indemnity Company ("Century"), Fireman's Fund Insurance Company ("Fireman's Fund"), Munich Reinsurance America, Inc. ("Munich Re"), and AIU Insurance Company ("AIU"). Siltronic's Mot. Mem. Leave 2nd Am. Compl., ECF #310, at 1, 2. Defendants do not object to the first two amendments.[1] However, they argue that joining four additional defendants at this stage of litigation is untimely, prejudicial, and would cause undue delay. Granite State's Mem. Opp'n, ECF #316; Wausau's Resp., ECF #317. This court agrees.

**A.      Standard of Review**

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." Such leave, however, "is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). The court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, *undue prejudice to the opposing party* . . ., [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs.*, LLC, 629 F.3d 876, 892–93 (9th Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (alterations in original) (emphasis added). Of these factors, "[i]t is the

---

[1] Wausau indicated its lack of objection in its response. Wausau's Resp., ECF #317, at 1, 2. Granite State indicated it had no objection in an email dated May 17, 2017, in response to the court's request for clarification. Email from David Campagne, Counsel for Granite State, to Judge You and all counsel to be noticed (May 17, 2017).

consideration of *prejudice to the opposing party* that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F3d 1048, 1052 (9th Cir. 2003) (emphasis added). In its exercise of discretion, the court may also consider whether allowing additional claims at a late stage will require further discovery, resulting in prejudice to the opposing party and a delay of the proceedings. *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

**B.    Analysis**

**1.    Lack of Timeliness**

Century and Fireman's Fund were named defendants in the original complaint filed on December 9, 2011. Complaint, ECF #1. They were parties to the litigation for over 3 years and 3 months. On March 30, 2015, the parties filed a joint status report where Siltronic wrote:

> The decision to dismiss a party from this lawsuit is a serious issue for Siltronic.
> . . .
> Both the legal and factual issues make it likely that both insurers will have a duty to defend and/or indemnify Siltronic *in the near future.* For example, a significant portion of the $29 million in Granite State's policy limits has already been spent, making it *extremely likely* both insurers will have a duty to defend *in the near future*; the burn rate is in the millions of dollars per year range; and the next layer of coverage for some of the years at issue is Fireman's Fund.
> . . .
> Consequently, Siltronic is unable to agree at this time to simply dismiss Century and Fireman's Fund.

ECF #168, at 2–3 (emphasis added).

Nonetheless, Siltronic filed a stipulated motion to dismiss both Century and Fireman's Fund without prejudice the very next week. ECF #170. Now, two years later—after the resolution of an additional partial motion for summary judgment (ECF #237) and after it stipulated to a pre-trial schedule without considering the impact of joining four additional defendants (ECF #307)—Siltronic contends *it* will be prejudiced unless Century, Fireman's Fund, and two additional defendants are added to the litigation in light of recent developments.

3 – FINDINGS AND RECOMMENDATIONS

ECF ##310, 319. This court is want to imagine how the EPA's recent PHSS ROD and the filing of the Yakima Nation Action materially alter Siltronic's position when it represented back in 2015 that it was *extremely likely* the excess insurers would have a duty to defend *in the near future*, yet immediately dismissed those defendants. ECF #168, at 2–3 (emphasis added). Siltronic's prior statements and actions rebuff its present assertions.

What's more, the insurance policies held by Munich Re—who was not a defendant named in the original complaint—would apparently be triggered at the same threshold as the Fireman's Fund policies. ECF #316, at 6 n. 2. It is unclear why Siltronic named Fireman's Fund in the original complaint but failed to name Munich Re. Regardless, five years have passed since this action commenced and a jury trial has been scheduled for July 31, 2018. Thus, adding completely new, additional defendants under the current case schedule is untimely.

Lastly, regarding the joinder of AIU, Judge Stewart wrote on March 31, 2016, that "[e]ven though a trial date has not yet been set, resolving these unrelated claims will inevitably delay adjudication of this case." Opinion and Order, ECF #239, at 6 (citing *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (finding prejudice where the amendment would require the court to delay the proceedings)). Now, over a year later, after a trial date has been set, Siltronic again asks the court to add the same party and resolve the same issues the court previously denied. The court was not inclined to join AIU and litigate the lost-policy issue inMarch 2016, and is not inclined to do so now. *See, e.g., McGlinchy v. Shell Chem. Co.*, 845 F .2d 802, 809 (9th Cir. 1988) (denying leave to amend after six-month delay); *Jackson*, 902 F.2d at 1388 (seven months); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (fifteen months).

///

### 2. Prejudice to Defendants

"The act of simply adding a party is an indicator of prejudice." *Wells Fargo Bank, N.A. v. Renz*, No. C 08-02561-SBA, 2010 WL 2867615, at *3 (N.D. Cal. July 20, 2010); *McNally v. Eye Dog Found. for the Blind, Inc.*, No. 1:09-cv-01184-AWI-SKO, 2010 WL 4723073, at *11 (E.D. Cal. Nov. 15, 2010) (holding proposed amendment was "highly prejudicial" because "adding new parties at this date will protract the litigation further"). Joining *four* additional defendants at this stage would inevitably delay the resolution of this action and thereby prejudice Wausau and Granite State.

Siltronic argues that adding the four parties is the "natural consequence of the potentially increased liability" resulting from the EPA's recent PHSS ROD and the new Yakima Nation Action, that failure to add them would put Siltronic at risk of inconsistent determinations, and that judicial resources would be wasted if Siltronic was compelled to commence a separate action. ECF #319, at 1–3. In light of the untimely manner in which these arguments are made, and weighed against the undue delay and prejudice that Wausau and Granite State would suffer as a result of their joinder to this action, these arguments are unpersuasive.

Lastly, the court need not reach the ripeness and justiciability issues raised by Defendants to determine that joinder is inappropriate, and therefore does not. ECF ## 317, 318.

### **RECOMMENDATIONS**

For the reasons stated, Siltronic's Motion for Leave to File Second Amended Complaint (ECF #310) should be GRANTED in part, in that it should be allowed to make amendments regarding the EPA's January 2017 PHSS ROD, the February 2017 Yakama Nation Action, and update costs and figures. The motion to add additional defendants should be DENIED.

///

## SCHEDULING ORDER

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due Tuesday, May 23, 2017. If no objections are filed, then the Findings and Recommendations will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendations will go under advisement.

## NOTICE

These Findings and Recommendations are not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED May 9, 2017.

Youlee Yim You
United States Magistrate Judge