IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SILTRONIC CORPORATION, a Delaware corporation, | 3:11-cv-01493-YY |
| Plaintiff, | ORDER |
| v. | |
| EMPLOYERS INSURANCE COMPANY OF WAUSAU, a Wisconsin corporation, and GRANITE STATE INSURANCE COMPANY, a Pennsylvania corporation, | |
| Defendants. | |

**BROWN, Judge.**

Magistrate Judge Youlee Yim You issued Findings and Recommendation (F&R) (#321) on May 9, 2017, in which she recommends the Court grant in part Plaintiff's Motion (#310) for Leave to File Second Amended Complaint to the extent that the Court should allow Plaintiff to make amendments regarding the EPA's January 2017 PHSS ROD, the February 2017 Yakima Nation Action, and updated cost figures and deny in part to the extent that the Court should not allow Plaintiff to add new defendants.

1 - ORDER

Plaintiff Siltronic Corporation filed timely Objections to the Findings and Recommendation.  The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report.  28 U.S.C. § 636(b)(1).  *See also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

**BACKGROUND**

Plaintiff filed this action in 2011 against its insurance carriers[1] for declaratory judgment and breach of contract to determine and to allocate financial responsibility pursuant to the insurance policies issued by the carriers for environmental clean-up claims arising out of the Portland Harbor Superfund Site (PHSS).

Plaintiff now seeks to file a Second Amended Complaint to add new allegations related to liability for the underlying environmental claims, to update cost figures, and to rejoin as defendants Century Indemnity Company and Fireman's Fund Insurance

---

[1] Plaintiff initially named several insurance companies. Only the Defendants named in the caption, however, currently remain in this case.

Company who were previously named as parties but were dismissed by Plaintiff over two years ago and to add as defendants Munich Reinsurance America, Inc., and AIU Insurance Company who were additional excess insurers of Plaintiff.

Defendants Employers Insurance Company of Wausau and Granite State Insurance Company do not object to Plaintiff's requests to add additional allegations or to update cost figures. Wausau and Granite object, however, to the addition of any new defendants, including Century and Fireman's Fund.

## DISCUSSION

The parties rely on the arguments made before the Magistrate Judge regarding the Motion for Leave to Amend.

In addition, Plaintiff contends the Magistrate Judge did not (1) address the fact that Plaintiff's earlier dismissal of Century and Fireman's Fund was without prejudice; (2) did not reconcile the inconsistency between finding that Plaintiff unduly delayed bringing its claims against Century and Fireman's Fund and Granite's contention that the claims were not ripe and, therefore, futile; and (3) did not address judicial economy, unfairness to the policyholder, or the risk of inconsistent determinations if Plaintiff is required to file a separate action.

Plaintiff is correct that the Magistrate Judge did not

specifically address the fact that Plaintiff's prior dismissal of Century and Fireman's Fund was without prejudice. Although the fact that Century and Fireman's Fund were dismissed without prejudice preserves Plaintiff's ability to pursue claims against them, it does not require them to be joined again in this particular litigation. In the exercise of her discretion pursuant to Federal Rule of Civil Procedure 15, the Magistrate Judge concluded that to grant Plaintiff's request to add new defendants (including Century and Fireman's Fund) at this stage would unduly delay proceedings in this case filed in 2011 and would prejudice the named Defendants. Based on these determinations of the Magistrate Judge, this Court concludes the issues of ripeness and justiciability are moot. *See McCoy v. Bd. of Educ., Columbus City Schools,* No. 2:10-CV-298, 2011 WL 4688563, at *3 (S.D. Ohio, Oct. 4, 2011), *aff'd* 515 F. App'x 387 (6th Cir. 2013)(the argument that a plaintiff could bring a separate action and then move for consolidation does not necessarily weigh in favor of permitting amendment; the court must weigh the interests of judicial economy against the potential for delay and prejudice when considering a request for consolidation.).

In addition, this Court has carefully considered Plaintiff's Objections and concludes they do not provide a basis to modify the F&R. The Court also has reviewed the pertinent portions of

the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendation.

## CONCLUSION

The Court **ADOPTS** Magistrate Judge You's Findings and Recommendation (#321) and, therefore, **GRANTS** Plaintiff's Motion (#310) for Leave to File Second Amended Complaint to the extent that Plaintiff is allowed to make amendments regarding the EPA's January 2017 PHSS ROD, the February 2017 Yakima Nation Action, and updated cost figures. The Court, however, **DENIES** Plaintiff's Motion to allow Plaintiff to add new defendants at this stage of this 2011 action.

The Court returns this matter to the Magistrate Judge to set a deadline for the filing of the Second Amended Complaint and any other necessary deadlines.

IT IS SO ORDERED.

DATED this 23rd day of June, 2017.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge