IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SILTRONIC CORPORATION, a
Delaware corporation,                            3:11-cv-01493-BR

        Plaintiff,                        ORDER

v.

EMPLOYERS INSURANCE COMPANY OF
WAUSAU, a Wisconsin
corporation, and GRANITE STATE
INSURANCE COMPANY, a
Pennsylvania corporation,

        Defendants.

**BROWN, Senior Judge.**

Magistrate Judge Youlee Yim You issued a Findings and Recommendation (F&R) (#412) in this case on December 29, 2017, in which she recommends the Court:

1.    **GRANT** Plaintiff Siltronic Corporation's Motion (#333) for Partial Summary Judgment Regarding Granite State's Duty to Pay Defense Outside Limits;

2.    **GRANT in part** Defendant Granite State Insurance Company's Motion (#338) for Partial Summary Judgment against Employer's Insurance Company of Wasau on the basis that Granite

1 - ORDER

State is not obligated to pay defense costs outside policy limits until all Wausau policies have been exhausted and **DENY in part** Granite State's Motion insofar as it is premature for this Court to order Wausau to reimburse Granite State for defense costs; and

3. **GRANT in part** Granite State's Motion (#339) for Partial Summary Judgment insofar as the "Following Form" endorsements do not transform Granite State's policies into primary policies and Granite State also does not have any duty to defend under the "Supplemental Defense" provisions and **DENY in part** Granite State's Motion on the basis that the "Following Form" endorsements impose a duty to defend after the horizontal exhaustion of Wausau's policies.

On January 19, 2018, Granite State filed Objections (#421) to portions of the Magistrate Judge's F&R. On February 2, 2018, both Siltronic and Wausau filed Responses (#433 and #434 respectively) to Granite State's Objections.

On January 19, 2018, Wausau also filed Objections (#422) to portions of the Magistrate Judge's F&R. Granite State filed a Response (#432) to Wausau's Objections on February 2, 2018.

The Court concludes the record on these Motions is sufficiently developed and that oral argument would not be helpful to resolve these Motions at this stage.

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make

a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1). *See also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

I. **Granite State's Objections Regarding Duty to Defend**

Granite State first objects to the F&R on the basis that the Magistrate Judge erroneously concluded Granite State has a duty to defend Siltronic outside the policy limits under the Following Form endorsements in the Granite State insurance policies. After reviewing the F&R, Granite State's Objections (#421), Siltronic's Response (#433), and the relevant portions of the record, the Court **OVERRULES** Granite State's Objections and **ADOPTS** Section II(A) of the F&R as this Court's opinion.

II. **Wausau's Objections Regarding Horizontal Exhaustion**

Wausau objects to the Magistrate Judge's finding that all underlying Wausau insurance policies must be exhausted before any of Granite State's duties under its excess insurance policies are triggered. Wausau contends Granite State owes Siltronic a duty to defend notwithstanding any lack of horizontal exhaustion under the "Supplemental Defense" provision in the insurance agreement. In addition, Wausau contends the "Following Form" endorsement overrides the language in the definition of "ultimate net loss" that the Magistrate Judge relied on to find horizontal exhaustion applies.

3 - ORDER

The Court notes Wausau's Objections largely reiterate arguments previously made to the Magistrate Judge. Although this Court (like the Magistrate Judge) acknowledges the closeness of the question, the Court concludes the Magistrate Judge's finding is well-reasoned as to the issue of the Granite State insurance agreement requiring horizontal exhaustion, and, therefore, it is not erroneous and should be adopted.

Nevertheless, the Court addresses here one matter that is more squarely presented in Wausau's Objection and Granite State's Response to Wausau's Objection. Wausau contends in its Objection that there is not any evidence in the record that the trichloroethylene (TCE) contamination from which many of the remediation costs flow occurred during the period of coverage provided by Wausau's unexhausted 1978-1979 insurance policy and instead argues the TCE contamination on the Siltronic property could only have occurred beginning in 1980 when Siltronic's operations that caused TCE contamination began.

In its Second Amended Opinion and Order (#194) issued September 2, 2015, the Court (Magistrate Judge Janice M. Stewart) found Wausau had a duty to defend Siltronic under the 1978-1979 policy on the basis of Manufactured Gas Product (MGP) contamination. *Siltronic Corp. v. Emp'rs Ins. Co. of Wausau*, No. 3:11-cv-1493-ST, 2015 WL 13675133 (D. Or. Sep. 2, 2015). The Court, however, noted TCE contamination on the Siltronic property

"did not occur until March 1980." *Id.,* at *8.

Although it appears the Court's statement regarding the genesis of the TCE contamination on the Siltronic property was accurate on the record that existed in September 2015, that statement is no longer true on this record. On June 30, 2017, Granite State filed the Declaration (#341) of Daniel Sullivan, an environmental scientist employed by Roux Associates, Inc., together with its Motion (#338) for Partial Summary Judgment against Wausau. In his Declaration Sullivan stated he reviewed documents reporting on the investigation of sources of TCE found at and adjacent to the Siltronic property. *Id.* at ¶ 7. Based on that review, Sullivan opined "there is a potential that sources other than Siltronic's operations contributed to the TCE contamination implicated at the Siltronic Property. One source identified is the Rhone Poulanc operations involving releases of TCE over an extended period prior to 1980," including evidence that potentially links some TCE contamination on the Siltronic property to periodic discharges from Doane Lake that occurred between 1972 and 1980. *Id.* at ¶¶ 8, 12.

There is evidence in the current record, therefore, from which a rational finder of fact could conclude some of the TCE contamination at the Siltronic property occurred separately from Siltronic's activities and during the period covered by Wausau's 1978-1979 insurance policy. The Court notes Wausau does not

point to any evidence that contradicts the Sullivan Declaration. Accordingly, for this additional reason the Court finds the Magistrate Judge was correct in concluding at this stage of the proceedings that Wausau's 1978-1979 policy is relevant for purposes of the horizontal-exhaustion analysis.

The Court, therefore, **OVERRULES** Wausau's Objections and **ADOPTS** Section II(B) of the F&R as this Court's opinion.

### III. <u>Granite State's Objections Regarding Reimbursement Claim</u>

Granite State objects to the Magistrate Judge's finding that Granite State's motion for reimbursement of defense costs paid since 2009 is premature because discovery has not yet been completed on the reasonableness and necessity of such defense costs. Granite State acknowledges Wausau will bear the burden of establishing any defense costs are unreasonable and unnecessary, but contends the Court should order reimbursement without further discovery because Wausau has not demonstrated what (if any) additional discovery is necessary, and, in any event, Wausau has not been diligent in seeking such discovery to date.

After reviewing Granite State's Objection, the Court agrees with the Magistrate Judge that it would be inappropriate to rule on Granite State's request for reimbursement before Wausau has an opportunity to complete discovery on the reasonableness and necessity of the defense costs incurred by Granite State since 2009. Because the basis for Granite State's reimbursement claim

has only now been established in the Magistrate Judge's F&R (#412) and in this Court's adoption of that F&R in this Order, the Court rejects Granite State's contention that Wausau has not been diligent in pursuing discovery on the reasonableness and necessity of the defense costs that Granite State has incurred. Accordingly, the Court **ADOPTS** Section II(C) of the Magistrate Judge's F&R as this Court's opinion.

## CONCLUSION

For these reasons, the Court **ADOPTS** the Magistrate Judge's F&R (#412) in full. Accordingly, the Court:

1. **GRANTS** Siltronic's Motion (#333) for Partial Summary Judgment Regarding Defendant Granite State Insurance Company's Duty to Pay Defense Limits;

2. **GRANTS in part** Granite State's Motion (#338) for Partial Summary Judgment Against Wausau insofar as the Court concludes Granite State is not obligated to pay defense costs outside policy limits until all Wausau policies, including the 1978-1979 policy, have been exhausted and **DENIES in part** Granite State's Motion as premature insofar as Granite State seeks reimbursement of defense costs from Wausau; and

3. **GRANTS in part** Defendant Granite State's Motion (#339) insofar as the Court concludes the "Following Form" endorsements do not transform Granite State's policies into primary policies

and Granite State does not have any duty to defend under the "Supplemental Defense" provisions and **DENIES in part** Granite State's Motion insofar as the Court concludes Granite State's policies impose a duty to defend after the horizontal exhaustion of the Wausau policies.

IT IS SO ORDERED.

DATED this 29th day of March, 2018.

/s/ Anna J. Brown

ANNA J. BROWN
United States Senior District Judge