IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SILTRONIC CORPORATION, a
Delaware corporation,                          3:11-cv-01493-BR

              Plaintiff,                       ORDER

v.

EMPLOYERS INSURANCE COMPANY OF
WAUSAU, a Wisconsin
corporation, and GRANITE STATE
INSURANCE COMPANY, a
Pennsylvania corporation,

              Defendants.

BROWN, Senior Judge.

    Magistrate Judge Youlee Yim You issued a Findings and
Recommendation (F&R) (#414) on January 2, 2018, in which Judge
You recommended the Court grant Plaintiff Siltronic's Motion
(#328) for Partial Summary Judgment as to Payment of Internal
Costs and grant Defendant Granite State's Motion (#337) to
Establish it has No Obligation to Pay for Siltronic's Internal
Expenses.

    On January 23, 2018, Siltronic filed Objections (#424) to
the Magistrate Judge's F&R.  Granite State filed a Response

1 - ORDER

(#436) to Siltronic's Objections on February 6, 2018.

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1). *See also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

Siltronic objects to the Magistrate Judge's F&R on two bases. First, Siltronic contends the Magistrate Judge erred when she recommended this Court grant Granite State's Motion (#337). After reviewing the record, the Court agrees with the Magistrate Judge's conclusion that Siltronic's internal defense costs are not covered by the Granite State insurance policies directly or incorporated into the Granite State policies as "damages" through the Following Form endorsement. Accordingly, the Court **OVERRULES** Siltronic's first Objection and **ADOPTS** Section II of the F&R.

Second, Siltronic objects in part to the Magistrate Judge's recommendation that this Court grant Siltronic's Motion (#328) on a limited basis. In particular, Siltronic contends the Magistrate Judge erred when she limited her recommendation to grant Siltronic's Motion to a finding that Siltronic's internal remediation (or indemnity) costs were covered under the Wausau policies, but did not address Siltronic's Motion as it related to internal defense costs. For the reasons stated in Section II of

the F&R, however, the Court agrees with the Magistrate Judge that Siltronic's internal defense costs are not covered under the Wausau policies, and, in particular, that internal defense costs are distinguishable from the internal indemnity costs that the Oregon Court of Appeals has held qualify as "damages." *See Emp'rs Ins. of Wausau v. Tektronix, Inc.*, 211 Or. App. 485 (2007). The Court, accordingly, **OVERRULES** Siltronic's second basis for its Objection, **ADOPTS** Section I of the Magistrate Judge's F&R insofar as the Court agrees Siltronic is entitled to a declaration that its internal indemnity costs are covered under Wausau's insurance policies, and **DECLINES TO ADOPT** Section I of the F&R insofar as the Magistrate Judge did not expressly indicate Siltronic's internal defense costs were not covered under the Wausau policies. Accordingly, the Court grants in part Siltronic's Motion (#328) as to internal indemnity costs and denies in part Siltronic's Motion as to internal defense costs.

## CONCLUSION

For these reasons, the Court **ADOPTS in part** and **DECLINES TO ADOPT in part** the Magistrate Judge's F&R (#414) as follows:

1. The Court **ADOPTS in part** Section I of the F&R insofar as the Court **GRANTS** Siltronic's Motion (#328) for Partial Summary Judgment as to Payment of Internal Costs as it relates to Siltronic's internal indemnity costs,

3 – ORDER

2.    The Court **DENIES in part** Siltronic's Motion as it relates to coverage of Siltronic's internal defense costs, and

3.    The Court also **ADOPTS** Section II of the F&R and, accordingly, **GRANTS** Granite State's Motion (#337) to Establish it has No Obligation to Pay for Siltronic's Internal Expenses.

IT IS SO ORDERED.

DATED this 29th day of March, 2018.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States Senior District Judge