IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SILTRONIC CORPORATION, a Delaware corporation, | 3:11-cv-01493-BR |
| Plaintiff, | ORDER |
| v. | |
| EMPLOYERS INSURANCE COMPANY OF WAUSAU, a Wisconsin corporation, and GRANITE STATE INSURANCE COMPANY, a Pennsylvania corporation, | |
| Defendants. | |

**BROWN, Senior Judge.**

Magistrate Judge Youlee Yim You issued a Findings and Recommendation (F&R) (#416) on January 2, 2018, in which Judge You recommended the Court deny Plaintiff Siltronic's Motion (#335) for Partial Summary Judgment Regarding Separate Limits.

On January 23, 2018, Siltronic filed Objections (#425) to the Magistrate Judge's F&R. Wausau filed a Response (#435) to Siltronic's Objections on February 6, 2018.

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1). *See also Dawson v. Marshall*, 561

1 - ORDER

F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

Siltronic objects to the Magistrate Judge's F&R on two bases. First, Siltronic contends the Magistrate Judge erred when she recommended this Court deny Siltronic's Motion on the basis that Siltronic seeks summary judgment on an unpled claim. In particular, Siltronic contends its Motion is consistent with the pleadings and that Wausau is estopped from arguing the Motion should be denied because Siltronic did not previously plead its separate aggregate policy-limits claim. After reviewing the record, the Court agrees with the Magistrate Judge that Siltronic did not adequately provide notice in its pleadings of its assertion that a separate aggregate policy limit applied to the contamination that originated from the Rhone-Poulenc facility. Moreover, the Court rejects Siltronic's assertion that the parties' identification of this issue in a Joint Case Management Submission (#307) on March 6, 2017, as an issue to be litigated constitutes a basis to estop Wausau from contending Siltronic has not adequately pled its claim of separate aggregate policy limits. In addition, in light of the age of this case, the need to bring this matter to a final resolution and the absence of any established good cause for failing to plead this claim earlier, the Court concludes it would be inappropriate to permit Siltronic at this late date to include a claim that separate aggregate

policy limits apply.  Accordingly, the Court adopts Section II of the F&R in which the Magistrate Judge recommended this Court deny Siltronic's Motion on the basis that Siltronic seeks summary judgment on an unpled claim.

Second, Siltronic objects to the Magistrate Judge's recommendation that the Court also deny Siltronic's Motion on the alternative basis that the contamination that originated from the Rhone-Poulenc facility is not subject to a separate aggregate policy limit from the contamination that originated from activities on the Siltronic property.  After reviewing the record, however, the Court agrees with the Magistrate Judge's analysis.  Accordingly, the Court also adopts Section III of the F&R.

## CONCLUSION

For these reasons, the Court **ADOPTS** the Magistrate Judge's F&R (#416) as its opinion and, accordingly, **DENIES** Siltronic's Motion (#335) for Partial Summary Judgment Regarding Separate Limits.

IT IS SO ORDERED.

DATED this 29th day of March, 2018.

/s/ Anna J. Brown

ANNA J. BROWN
United States Senior District Judge