IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SILTRONIC CORPORATION, a
Delaware corporation,

        Plaintiff,

v.

EMPLOYERS INSURANCE COMPANY OF
WAUSAU, a Wisconsin
corporation, and GRANITE STATE
INSURANCE COMPANY, a
Pennsylvania corporation,

        Defendants.

3:11-cv-01493-BR

ORDER

**BROWN, Senior Judge.**

    Magistrate Judge Youlee Yim You issued Findings and Recommendation (F&R) (#418) in this case on January 3, 2018, in which she recommends the Court grant Plaintiff Siltronic Corporation's Motion (#329) for Partial Summary Judgment.

    On January 24, 2018, Defendant Employers Insurance Company of Wausau filed Objections (#429) to the F&R. On January 24, 2018, Granite State Insurance Company also filed Partial Objections (#428) to the F&R. On February 6, 2018, Siltronic filed a Response to the Objections of Wausau and Granite State. The Court heard oral argument on April 25, 2018, and thereafter sent to counsel a draft version of this Order to provide to the parties a final opportunity to submit any additional input on the

1 - ORDER

Court's tentative analysis. The parties responded with various comments on May 30, 2018.

When any party objects to any portion of the Magistrate Judge's F&R, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1). *See also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

The Court has completed a full consideration of the challenges to the Magistrate Judge's F&R and now issues this final Order. For the reasons that follow, the Court **ADOPTS in part** and **DECLINES TO ADOPT in part** the Magistrate Judge's F&R (#418).

I. **Wausau's Objections**

Wausau primarily objects to the Magistrate Judge's finding that the parties' course of dealing and the procedural posture in this case require Wausau to provide both "independent counsel" and separate "defense counsel" to Siltronic under a *Cumis*-like scheme[1] even though Oregon Revised Statute § 465.483 only

---

[1] As the Magistrate Judge explained, under the *Cumis* scheme two sets of counsel represent the insured: "*Cumis* counsel" who represents only the insured and "defense counsel" who represents both the insurer and the insured. Under the *Cumis* scheme the "*Cumis* counsel" and the "defense counsel" cooperate in the defense of the insured. *See* F&R (#418) at 5 (citing *San Diego Navy Fed. Cred. Union v. Cumis Ins. Soc'y, Inc.*, 162 Cal. App. 3d 358, 361 (1984)).

2 - ORDER

requires Wausau to provide "independent counsel." In particular, Wausau contends § 465.483 only requires Wausau to provide one set of counsel to Siltronic, and, therefore, the Magistrate Judge erred when she found § 465.483 required Wausau to provide two sets of counsel to Siltronic under the *Cumis* scheme. Moreover, Wausau contends its retention of Davis Rothwell and the later participation of Foley & Mansfield satisfied Wausau's obligation to provide "independent counsel." In any event, even if Wausau has not fulfilled its obligations under its duty to defend to date, Wausau argues it has not breached its duty to defend Siltronic because Siltronic has not suffered any damages.

Although at times in its briefing Siltronic appears to contend it was entitled to both "independent counsel" and "defense counsel" consistent with the *Cumis* scheme, at oral argument Siltronic's counsel agreed Wausau could satisfy its obligations under its duty to defend if it provided only "independent counsel" to Siltronic, and counsel for Wausau acknowledged that such appointed independent counsel necessarily owed fiduciary and loyalty obligations solely to Siltronic. In any event, Siltronic contends the only counsel involved in defending Siltronic to date in the underlying Portland Harbor matters who qualifies as "independent counsel" is counsel from the law firm Jordan Ramis.

The Court agrees with the parties' now-uncontested position

that Wausau is only required to provide Siltronic with "independent counsel" that solely represents Siltronic (and not Wausau) in all underlying matters as long as Wausau's duty to defend continues; that is, until the Wausau policies are horizontally exhausted. Nevertheless, in addition to independent counsel, Wausau may (but is not required to) provide "defense counsel" who cooperates with the representation of Siltronic and who also represents the insurer. Accordingly, to the extent the Magistrate Judge recommends this Court hold that Wausau was required to provide both "independent counsel" and "defense counsel" on a prospective basis, the Court declines to adopt that portion of the F&R.

The Court, nonetheless, adopts the Magistrate Judge's legal conclusion that Wausau is required to provide "independent counsel" to Siltronic under the terms of § 465.483. The Court, therefore, reaffirms its earlier Opinion and Order (#237) in which the Court held Siltronic is entitled to "independent counsel" selected by Siltronic.

The Court also adheres to its previous finding that counsel from the law firm Jordan Ramis has been serving as "independent counsel" in this case. Opin. and Order (#237) at 32-33. Although Wausau contends counsel from Foley & Mansfield is capable of serving as "independent counsel," Wausau has failed to establish that Foley & Mansfield has represented only Siltronic

(and has not also represented Wausau) during the course of the underlying matters. It follows that Wausau's obligation to pay the reasonable and necessary defense costs incurred by Siltronic with Jordan Ramis as independent counsel in the underlying Portland Harbor clean-up matters includes defense of Siltronic in *Confederated Tribes and Bands of the Yakama Nation v. Airgas USA, LLC,* 3:17-cv-00164-PK.

With respect to whether Wausau breached its duty to defend Siltronic, the Court concludes the record is sufficiently developed to find that Wausau breached the 1978-79 policy when it declared its policies exhausted, prematurely terminated its defense of Siltronic, and failed to pay some or all of the independent counsel fees incurred to date. The Court, however, also agrees with the Magistrate Judge that the record is not sufficiently developed to determine the extent of damages (if any) suffered by Siltronic as a result of the breach and, therefore, the Court cannot at this stage determine the extent to which Wausau bears any consequences for breaching the 1978-79 policy in this respect.

II. **Granite State's Objections**

Granite State makes two Objections to the F&R. Siltronic contests only the second of Granite State's objections.

First, Granite State contends the Magistrate Judge erroneously noted Granite State retained Davis Rothwell to handle

Siltronic's defense. In the F&R the Magistrate Judge states: "Wausau, and later defendant Granite State . . . , retained the law firm Davis Rothwell to handle Siltronic's defense and then Foley & Mansfield when lead counsel moved to that firm." F&R (#418) at 9.

Granite State contends it did not retain David Rothwell. Instead Granite State asserts Wausau retained Davis Rothwell, and Granite State merely inherited the defense obligations from Wausau after Wausau declared its policies were exhausted. All parties agree Granite State is correct. Accordingly, the Court declines to adopt that statement in the F&R and clarifies the record to reflect Wausau rather than Granite State retained Davis Rothwell. Although the record does not contain sufficient evidence to determine which party or parties formally retained Foley & Mansfield, it is clear that Foley & Mansfield served as the successor in the role that Davis Rothwell previously served with respect to the representation of Siltronic in the underlying Portland Harbor matters.

Second, Granite State contends the Magistrate Judge erred when she observed: "There is no evidence, however, that either Davis Rothwell or Foley & Mansfield has operated independently of the insurers, or that Siltronic has had the ability to control or direct the litigation." F&R (#418) at 9. In particular, Granite State contends a single communication between Siltronic and

Granite State in which a Siltronic representative requests transfer of the case files from Davis Rothwell to Foley & Mansfield is evidence that Siltronic had the exclusive ability to control and to direct the litigation. Although the Court acknowledges the Magistrate Judge's statement that there was "no evidence" that Davis Rothwell and Foley & Mansfield acted independently and that Siltronic controlled or directed the litigation may be a minor overstatement, the Court also concludes the single communication on which Granite State relies is insufficient to establish that Davis Rothwell or Foley & Mansfield acted as "independent counsel" and is insufficient to change the Court's previous finding that Jordan Ramis is Siltronic's "independent counsel." Accordingly, although the Court clarifies the state of the record as to whether Davis Rothwell and Foley & Mansfield served as "independent counsel," the Court concludes the Magistrate Judge's characterization of the record as to whether Davis Rothwell or Foley & Mansfield served as "independent counsel" is not erroneous in any material respect.

In summary, and notwithstanding these additional comments regarding the parties' Objections to the F&R, the Court concludes it is appropriate to find Wausau in breach of the 1978-79 policy on the basis stated herein. Accordingly, the Court adopts the Magistrate Judge's ultimate recommendation that the Court grant

7 - ORDER

Siltronic's Motion (#329) for Partial Summary Judgment.

## CONCLUSION

For these reasons, the Court the Court **ADOPTS in part** and **DECLINES TO ADOPT in part** the Magistrate Judge's F&R (#418) and **GRANTS** Siltronic's Motion (#329) for Partial Summary Judgment.

IT IS SO ORDERED.

DATED this 31st day of May, 2018.

                                          *Anna J. Brown*
                                          ANNA J. BROWN
                                          United States Senior District Judge