| | | |
|---|---|---|
| | **United States District Court**<br>**District of Oregon**<br><br>**MINUTE ORDER** | |

| | | |
|---|---|---|
| Case Number: | 3:11-cv-01493-BR | Dated: July 19, 2018 |
| Case Name: | *Siltronic Corp. v. Employers Insurance Co. of Wausau and Granite State Insurance Co.* | |
| Presiding Judge: | Anna J. Brown | Courtroom Deputy: Jacob Yerke |

This matter comes before the Court on the following Motions:

    1.    Defendant Granite State Insurance Company's Motion (#487) for Partial Summary Judgment Regarding the Pollution Exclusion;

    2.    Plaintiff's Siltronic Corporation's Motion (#495) for Partial Summary Judgment Regarding the Pollution Exclusion; and

    3.    Siltronic's Motion (#491) for Partial Summary Judgment regarding Wausau's Affirmative Defenses.

The Court heard oral argument on these Motions on July 18, 2018, and took them under advisement at the conclusion of that hearing. The Court issues this summary Minute Order so that the parties may consider the Court's rulings on these Motions as they prepare for a settlement conference scheduled for 8/3/18. This Order will be supplemented by an Opinion and Order in due course.

## I. Motions Regarding the Pollution Exclusion

**Scope of these Motions**. In its Motion (#487), Granite State seeks partial summary judgment against Siltronic on the basis that many of the releases of contaminants from which the underlying environmental-cleanup actions arise are excluded from coverage as a matter of law (and on an asserted record of undisputed facts) pursuant to the qualified pollution exclusion from coverage in the policies Granite State issued to Siltronic from 1978 through 1985. In Siltronic's Motion (#495) against Granite State and Wausau, Siltronic seeks a ruling to confirm the meaning of such qualified pollution exclusions and, thus, for the Court to rule on the particular legal standard by which a jury will determine whether the qualified pollution exclusion applies to particular releases of pollutants that gave rise to the contamination at issue in the underlying environmental-cleanup matters. Unlike Granite State, however, Siltronic does not seek summary judgment as to any factual determination regarding whether coverage for any particular discharge or release of pollutants is or is not excluded under the pollution exclusions. In addition, both Motions turn only on the qualified pollution exclusions and do not address whether each of the releases were "occurrences" or gave rise to "property damage" within the meaning of the grants of coverage during the relevant policy periods.

**Summary Analysis**. As relevant to these Motions, the pollution exclusions in all of the relevant policies contain an exception that provides: "[T]his exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental." According to Siltronic, the question whether a "discharge, dispersal, release or escape" qualifies as "sudden and accidental" is determined from the perspective of the insured. On the other hand, both Granite State and Wausau argue that whether a "discharge, dispersal, release or escape" qualifies as "sudden and accidental" is determined from the perspective of the original polluter at the time of the discharge or release.

Thus, resolution of these Motions requires interpretation of the language in the pollution exclusion of the applicable insurance policies. "'The primary and governing rule of the construction of insurance contracts is to ascertain the intention of the parties' . . . based on the terms and conditions of the insurance policy." *Hoffman Const. Co. of Ak. v. Fred S. James & Co. of Or.*, 313 Or. 464, 469 (1992)(quoting *Totten v. New York Life Ins. Co.*, 298 Or. 765, 770 (1985)). If a term in an insurance policy is expressly defined, the court must apply the provided definition. *Holloway v. Republic Indem. Co. of Am.*, 341 Or. 642, 650 (2006). If the word or phrase is not specifically defined, the court must look to its plain meaning in light of its context and the insurance policy as a whole to determine whether the word or phrase is susceptible to only one plausible interpretation. *Id.* If, however, "two or more competing, plausible interpretations prove to be reasonable after all other methods for resolving the dispute over the meaning of particular words fail," then the court must construe the term against the insurer. *Hoffman Const.*, 313 Or. at 470–71.

After considering the parties' written and oral arguments, the Court concludes (1) Granite State and Wausau have not established as a matter of law that the "sudden and accidental" exception to the pollution exclusion is to be determined from the perspective of the original polluter; (2) Siltronic has established as a matter of law that this language is ambiguous as to whether the "sudden and accidental" nature of the "discharge, dispersal, release or escape" is to be determined from the perspective of the insured or the original polluter, and, therefore, the Court must construe this ambiguity against Granite State and Wausau; and (3) applying this rule of construction, the Court holds the insured's perspective is the relevant measure for whether a "discharge, dispersal, release or escape" was "sudden and accidental."

Nonetheless, the Court also confirms Siltronic bears the burden to prove each relevant "discharge, dispersal, release or escape" was "sudden and accidental" from its perspective. *See Employers Ins. of Wausau v. Tektronix, Inc.*, 211 Or. App. 485, 509–15 (2007).

Finally, the Court also notes the factual record on these Motions is replete with genuine issues of material fact as to whether any of the relevant discharges, dispersals, releases, or escapes meet the applicable standard, and, therefore, it is not possible for these specific coverage issues to be resolved by summary judgment.

Accordingly, on this record the Court **GRANTS** Siltronic's Motion (#495) for Partial Summary Judgment Regarding the Pollution Exclusion as stated herein and **DENIES** Granite State's Motion (#487) for Partial Summary Judgment Regarding the Pollution Exclusion.

**II.** **Siltronic's Motion (#491) for Partial Summary Judgment Regarding Wausau's**

**Affirmative Defenses**

**Scope of these Motions.** Following Wausau's withdrawal of its impairment of subrogation rights defense, *see* Stipulation (#501) Regarding Withdrawal of Affirmative Defense, Siltronic's Motion seeks summary judgment against two of Wausau's other affirmative defenses: impermissible assumption of voluntary payments and failure to cooperate. As the basis of these defenses, Wausau asserts Siltronic breached its duties under the relevant policies when it (1) impermissibly assumed voluntary payments and failed to cooperate when it requested without Wausau's consent that Foley & Mansfield take over for Davis Rothwell as "defense counsel" after lead counsel moved from Davis Rothwell to Foley & Mansfield; (2) failed to cooperate and impermissibly assumed voluntary payments when Siltronic retained additional environmental consultants without first seeking Wausau's input or approval; and (3) failed to cooperate by responding to Wausau's March 2017 inquiries for information about one of Siltronic's environmental consultants, Maul Foster.

**Summary Analysis.** Under Oregon law, an insured's breach of a policy's cooperation clause is enforceable and can excuse the insurer's obligations. "A court will enforce the cooperation clause if: (1) the insurer diligently sought the insured's cooperation; (2) the insured willfully failed to cooperate; and (3) the insured's failure to cooperate prejudiced the insurer." *Assurance Co. of Am. v. MDF Framing, Inc.*, No. CV 06-169-MO, 2008 WL 361289, at *3 (D. Or. Feb. 7, 2008). The elements of an improper assumption of voluntary payments claim are similar to those that apply to a claim than an insured failed to cooperate. *See Charter Oak Ins. Co. v. Interstate Mech., Inc.*, 958 F. Supp. 2d 1188, 1208 (D. Or. 2013).

Siltronic contends Wausau's affirmative defenses fail as a matter of law because (1) Wausau complains of conduct that occurred during the period when Wausau was not participating in the defense of the underlying environmental cleanup actions because it asserted (erroneously) that its policy limits had been exhausted; and (2) Wausau has failed to establish prejudice. Wausau, on the other hand, contends it should be permitted to proceed on these affirmative defenses because its declaration of exhaustion was supported by a good-faith basis to believe its policies were exhausted and because it has suffered prejudice as a result of Siltronic's actions.

The parties agree that Foley & Mansfield and the additional environmental consultants were retained after Wausau maintained its policies were exhausted and, therefore, after Wausau declined to participate in Siltronic's defense. The parties also agree, however, that Siltronic's alleged failure to respond to Wausau's inquiries regarding the activities of Maul Foster occurred after Wausau re-engaged participation in Siltronic's defense.

The Court agrees with Siltronic that Wausau cannot establish a failure to cooperate or voluntary assumption of payments claim concerning activities that occurred while Wausau declined to participate in Siltronic's defense on the basis that Wausau maintained its policy limits were exhausted. *See Holloway v. Republic Indem. Co. of Am.*, 201 Or. App. 378, 380-81 (2005) (rev'd on other grounds by *Holloway v. Republic Indem. Co. of Am.*, 341 Or. 642 (2006)).

The Court, however, finds Wausau has sufficiently raised an issue of material fact as to

whether Siltronic failed to cooperate when it failed to respond to Wausau's March 2017 inquiries about Maul Foster's activities. In particular, the Court concludes a rational trier of fact could find Wausau's abilities to determine the reasonableness and necessity of Maul Foster's billings and to keep up to date as to the results of Maul Foster's consulting activities were prejudiced by Siltronic's failure to respond.

Accordingly, on this record the Court **GRANTS in part** and **DENIES in part** Siltronic's Motion (#491) for Partial Summary Judgment Regarding Wausau's Affirmative Defenses as stated herein. The Court also **denies as moot** that part of Siltronic's Motion (#491) challenging Wausau's impairment of subrogation rights defense because Wausau has withdrawn that defense. *See* Stipulation (#501) Regarding Withdrawal of Affirmative Defense.